Fopper vs. The Town of Wheatland.

*February 2 — February 19, 1884.*

Highways. *(1) Insufficiency: Contributory negligence. (2) Notice of injury: Description of place.*

1. A highway situated upon a curve around a hill, where teams approaching each other could not be seen until very near each other, was for a long distance so narrow and so hedged in by an embankment on one side and a fence on the other that teams could not safely pass each other, and had remained in that condition for a long time. *Held*, that the town was guilty of negligence, and that a traveler with a team, who was injured while attempting to pass another team at such place, in the most prudent manner, was not guilty of contributory negligence.

2. A notice of the place where damage occurred by reason of the insufficiency of a highway (sec. 1339, R. S.), though inaccurate in some particulars, will be held sufficient if there is no difficulty in ascertaining therefrom the place meant to be described.

APPEAL from the Circuit Court for *Vernon* County.

The case is stated in the opinion. The notice served on the chairman of the defendant town was as follows:

" To the Supervisors of the *Town of Wheatland*, Vernon County, State of Wisconsin:

" Please take notice, that *Michael Fopper* hereby presents his claim against the *Town of Wheatland* aforesaid, for the sum of $500, for injuries received by him in person, said injuries received on the 20th day of December, 1880, while traveling on the public highway, in section 18 in said town, and between the residences of H. M. Bean and O. D. Wilson, and on the road leading from De Soto to Diamond Mill, and caused by reason of the insufficiency of said highway; that said insufficiency which caused said injury, consists in the road at said point, and for the distance of a quarter of a mile each way, from which said injuries were sustained, being too narrow for teams to meet and pass, and no places being made in such space of one half mile where teams can pass; that said road is on the side hill, and on the one side there is an embankment so steep that teams cannot ascend, and on the other side the fence is so near the road that teams cannot turn out; that at said point where said injuries were received and for one quarter of a mile each side thereof, there is not room for teams to pass between the fence on one side and the embankment on the other side of the traveled track; that said highway winds around the hill, so that teams coming from either way cannot be seen for more than eight rods distant; that said injuries were sustained while carefully and diligently trying to pass a team coming from the opposite direction at said point about half way between the residences of H. M. Bean and O. D. Wilson aforesaid; and that said *Michael Fopper* hereby claims satisfaction therefor of the said *Town of Wheatland*.

" *Dated February 5, 1881.*

" CAMPBELL & FIELD,
" Attorneys for Claimant."

There was a verdict for the plaintiff, assessing the damages at $236, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Butt & Graves*, and oral argument by *Mr. Graves*. To the point that the town was entitled to notice of the exact place where the plaintiff received the injury, and that the notice in this case, being confessedly inaccurate in that respect, was insufficient, they cited: *Donnelly v. Fall River*, 130 Mass., 115; *Noonan v. Lawrence*, id., 161; *Miles v. Lynn*, id., 398; *Larkin v. Boston*, 128 id., 521; *Post v. Foxborough*, 131 id., 202; *Spellman v. Chicopee*, id., 443; *Shea v. Lowell*, 132 id., 187; *McDougall v. Boston*, 134 id., 149; *Shaw v. Waterbury*, 46 Conn., 263; *Law v. Fairfield*, 46 Vt. 425; *Underhill v. Washington*, id., 767; *Babcock v. Guilford*, 47 id., 519; *Butts v. Stowe*, 53 Vt., 600; *White v. Stowe*, 54 id., 510; *Plum v. Fond du Lac*, 51 Wis., 397.

For the respondent there was a brief by *J. M. Morrow*, of counsel, with *Campbell & Field*, attorneys, and oral argument by *Mr. Morrow*.

ORTON, J. This action is brought to recover damages for personal injury occasioned by the insufficiency or want of repair of a certain highway in the defendant town.

1. The evidence, which tended to show that the highway at the place of the injury was so narrow and so hedged in by an embankment on one side and a fence on the other that two teams could not safely pass each other, and that such was its condition for a long distance, and that the plaintiff, in attempting to pass another team at such place, in the most prudent manner, suffered the injury complained of, and that the team approaching him and his team at that place could not be seen until very near such place, sufficiently shows that the plaintiff was not guilty of any contributory negligence, and that the town was guilty of great

negligence in allowing for a long time the highway at such place to remain in such condition, and justified the jury in finding for the plaintiff at least the very small damages awarded. The law which requires highways to be four rods wide, and suitable for common use by the public, most certainly requires it to be sufficiently wide for two teams to pass each other with safety, if not with convenience, and the neglect disclosed in this case of the town authorities was very flagrant. After such neglect, for them to escape liability to a person trying to use such highway and suffering injury thereby, by claiming that persons with teams ought not to attempt to pass each other in such a place, is but adding insult to injury.

2. The only objection seriously urged against the plaintiff's recovery is one which goes to his right of action, based upon his failure to give the notice required by sec. 1339, R. S., which requires a notice in writing to be given to the clerk or supervisors of the town within ninety days after the happening of the injury, "stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it." There is no question made but that a notice attempting to comply with this requirement was given to the proper persons and at the proper time, and the only objection to that notice is that it does not state correctly "*the place where* such damage occurred." The description generally of the insufficiency or want of repair of the highway which occasioned the injury was certainly very full and accurate, according to the testimony on behalf of the plaintiff. "The place where" is stated in the notice as "in section 18 in said town, and between the residence of H. M. Bean and O. D. Wilson, and on the road leading from De Soto to Diamond mill." Diamond mill is at the east and De Soto at the west, on this highway, running nearly east and west after it leaves the place where the plaintiff was injured. The residence of Bean is forty

rods, in a southerly direction, from the highway, and there is a gateway to it near the highway, and the residence of Wilson is 140 rods west of said gate, on the highway. A few rods east of said gate the road turns around a hill, making a considerable curve, and near the termination of such curve, and within it, the accident happened, and the bend or curve around the hill extended some forty rods, and in all that distance the road had a cut-down or embankment on the upper side of between one or two feet, and a fence and timber on the lower side, with a traveled track between not wide enough for two teams to pass each other safely. The plaintiff was coming with a team of horses from Diamond mill towards De Soto, and at that place did not and could not see the team which he there met until within four or five rods of it. The team met turned out as far as possible, and the plaintiff tried to pass by, but the horses became frightened by the collision of the two teams and vehicles, and started up quickly, and the plaintiff's vehicle was overturned and the injury inflicted. This is the substance of the evidence to that effect.

From the description of the place where the injury occurred, and the situation of the residence of Bean, it is difficult to tell whether his residence is west or east of such place, on a direct east and west line, for the residence is forty rods south of the road, or southwest, as one witness states it, which, on such direct line, would bring the place either west of or nearly opposite the residence. It may be that the place of the injury was, in such sense, between the residences of Bean and Wilson. At most, the distance from the nearest place strictly between these residences and the place of the injury is very slight. The notice gives a very full description of the place, in its physical features, as it was proved to be on the trial, and as above stated, so that no one with that notice in his hand, looking for the place between those residences, and passing along said

highway around said curve or bend, could fail to see and know the place described. It may not have been strictly between the residences named, if the Bean residence had been upon the highway. But the highway does not run from one residence to the other, so that it would be hard, if not impossible, to determine whether any given portion of the highway is between them. And yet this pretended inaccuracy in the statement of the place is made the pretext, and urged as the reason, for the exculpation of the town from liability in this action.

Mr. Morgan, the chairman, and the other members of the board of supervisors, after receiving this notice, went to view the place, and passed around this bend near Bean's gate, and then viewed most critically the highway between the gate and Wilson's house, where, for the whole distance, the traveled track was very wide and teams could easily pass each other. This part of the highway was nearly level and straight. Mr. Morgan, as a witness, testified that they observed the road around the bend, but not *critically*, and that he had long known its condition. That place answered strictly the description in the notice, and was only a few steps from Bean's gate eastwardly. The common sense of any man would suggest that it is utterly impossible for the plaintiff, in many cases, to describe in a notice the exact spot where his injury was received; and the person injured, and perhaps unconscious, would not be likely to know such precise place. The plaintiff is not required to make a map of its topography, with sensible objects noted upon it, at and near the place, and with courses and distances from and to places and monuments, so that a surveyor could find it with his chain and compass. The only possible object of the notice is to notify the authorities of the town of the place with reasonable certainty and so that they can readily find it with reasonable diligence. Can they pass over and casually observe the place which is as minutely described as

was possible in the notice, and is readily ascertainable by it as the exact place, and then pass on a few rods until they arrive as near as they can ascertain to the commencement of the part of the highway between the two supposed points, and, after ascertaining that such portion of the road could not possibly be the place described in the notice, then go away and rely upon a defective notice? They were notified of the place by a minute description, and they passed over that place and observed it. Was not that notice enough for them, if they were disposed to do their duty as officers of the town, and pay proper regard to the injured plaintiff? The place was described as a bend around a hill, with the upper side cut down, and the lower side fenced and hedged, leaving a traveled track between the bank and the fence around that bend, so narrow that two teams could not pass each other for the distance of forty rods. Would not any sensible and reasonable man know from that description, after passing over such a place near to the place described as being between two certain residences not answering such a description in any respect, that *that* was the place of the injury, and no other; and, it may be added, when there was no other such place on that highway in section 18 and between the Diamond mill and De Soto? We cannot but think that this notice was amply sufficient, and sufficiently apprised the officers of the town of the place of the injury. It is much more explicit than that in the case of *Teegarden v. Town of Caledonia*, 50 Wis., 292, in which case Mr. Justice Lyon said: "We think that the notice sufficiently describes the alleged defect in the highway, . . . and is a substantial compliance with the statute." It is much more explicit than the notice in *City of La Crosse v. Town of Melrose*, 22 Wis., 459, which named a wrong town, and used the word "residence," instead of "settlement," as the law required, which was held sufficient; and Mr. Justice Paine said in the opinion: "Where a notice conveys the

necessary information to the proper person, it is good, even though there are some inaccuracies in it;" and again, "Its object was to convey certain information to the supervisors, etc. . . . All this is fully apparent from the notice. No intelligent person could misunderstand it for a moment." This last sentence is especially commended to the evident consciousness of the supervisors in this case.

The notices in *State ex rel. Supervisors v. Nelson*, 57 Wis., 147, were much more substantially a departure from the strict requirement of the statute, and more contradictory than the one in this case, and Mr. Justice LYON lays down the test rule in respect to such notices that there shall be no difficulty in ascertaining the place meant, and says: "We think this a substantial and reasonable compliance with the statute."

Tested by the rule well established in all cases of description,— that if there is a repugnance between a certain number or place named and other general description by which the real place can be ascertained with reasonable certainty, the number or place will be rejected as surplusage or explained by such general description as a mistake,— this notice was amply sufficient. *Thompson v. Jones*, 4 Wis., 106. If the place of the injury in this case was not strictly between the residences of Bean and Wilson, it was so very near to such place by other sufficient description as to make the difference intensely technical; and it being so near, and not only obvious to but observed by them, we will not stultify the supervisors by even supposing that they did not know the real place meant by the notice.

*By the Court.*— The judgment of the circuit court is affirmed.