## SARAH A. WORMWOOD *vs.* CITY OF WALTHAM.

Middlesex.    March 3. — 14, 1887.    FIELD, C. ALLEN, & GARDNER, JJ.,
absent.

A person, who had been injured by a defect in a highway in a city, delivered a written notice of the time, place, and cause of the injury to a member of the board of aldermen of the city, and asked him to deliver the same to the proper authorities.    At a meeting of the board of aldermen subsequently, the notice was read to the board by the president, and referred to the city solicitor, and was then handed to the city clerk, who was also clerk of the board, in the regular course of business ; and this was the first time he saw the notice. *Held*, that the notice was properly served upon the city, under the Pub. Sts. c. 52, § 21.

TORT for personal injuries sustained by the plaintiff on January 15, 1886, by reason of an alleged defect in a sidewalk in one of the streets of the city of Waltham.    Answer, a general denial. Trial in the Superior Court, before *Thompson*, J., who allowed a bill of exceptions, in substance as follows:

The plaintiff testified that on January 30, 1886, she signed a certain paper, which contained a notice to the city of the time, place, and cause of her injury, and handed it to her sister, who delivered it to one Weeks, a member of the board of aldermen of said city, and asked him to deliver the same to the proper authorities.

Luman N. Hall testified for the plaintiff that he was the city clerk of Waltham, and was also, by virtue of his office, clerk of

the board of aldermen; that he performed the duties of these positions in January and February, 1886; that at a meeting of the board of aldermen on February 1, 1886, the above-named paper was handed to him at his desk, from the president of the board, by the city messenger; that the following record was made, under the date of February 1, in the journal of the board of aldermen: "A claim for damages sustained from a fall on an icy sidewalk on Moody Street was filed by Sarah A. Wormwood, and referred to the city solicitor;" that the first time he saw the paper was when it was so handed to him; that, before the paper was handed to him, it was read to the board by the president and referred as aforesaid, and was received by him in the course of the business of the meeting; that, since that date, the witness had kept the paper filed among the regular papers of the board of aldermen; that those papers were in his custody, and were kept by him in the safe with other of the city papers; that, if such a paper had been handed directly to him in the first place, he would have filed it; and that he had no book for recording such filings.

The plaintiff then offered said paper in evidence, to which the defendant objected, on the ground that the paper was not properly served upon the city. The judge ruled that the service was sufficient, and admitted the paper in evidence.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*T. H. Armstrong*, for the defendant.

*Sherman Hoar*, for the plaintiff.

By the Court. The defendant objected to the notice offered by the plaintiff, upon the ground that it was not properly served upon the city. No other question is raised by the bill of exceptions.

The statute provides that, in the case of a city, the notice may be given to the mayor, the city clerk, or the treasurer. Pub. Sts. *c.* 52, § 21. If this provides the exclusive mode in which a notice can be served, which we do not decide, the service in this case was sufficient. The plaintiff employed one Weeks, an alderman, to deliver the notice to the proper authorities. He might and did act as her agent. If he had delivered the notice to the city clerk, who had laid it before the board of aldermen

for their action, the service would clearly have been sufficient. The fact that the aldermen first acted upon the notice, and that then it was delivered to the city clerk, makes no difference. It was still a notice given to the city clerk by her procurement, and was sufficient.                                    *Exceptions overruled.*