[No 411.    January 6, 1892.]

# BOARD OF COUNTY COMMISSIONERS OF SAN MIGUEL COUNTY, Plaintiff in Error, v. WILLIAM L. PIERCE, Defendant in Error.

Disincorporated Cities, Presentation of Claims Against.—In a suit, by bill in equity, against the board of county commissioners of San Miguel county, to compel the payment of a claim against the former city of Las Vegas, disincorporated under chapter 38, Laws, 1884, by the levy of a special tax for that purpose, where it appeared plaintiff held warrants issued by said city on its treasurer before its disincorporation, and presented them to the treasurer of said county for payment, without having presented them to said board for allowance, as required by section 3, of said act, and, on refusal of payment, brought suit—Held: The county was, solely by operation of the statute, a mere auditing and collecting agent for the creditors of the defunct corporation, with power to collect, by the levy of a special tax, out of the assets of the deceased city, a sufficient sum to pay all claims duly presented and allowed.   Plaintiff, not having presented his claim for allowance, as required by section 3, chapter 38, Laws, 1884, can not recover.

Id.—Limitation.—Where, in such case, it further appeared that the claim in question was not presented within the period prescribed by section 3, of the statute cited supra—Held: While, in its view of this case, the court does not deem it necessary to pass upon the question of the legality or reasonableness of the six months' limitation, it is of the opinion that the period prescribed is reasonable and mandatory, and that a claim not presented within that period, without legal excuse, is barred by the statute.

Error, from a decree in favor of plaintiff, to the Fourth Judicial District Court, San Miguel County. Decree reversed.

The facts are stated in the opinion of the court.

LaFayette Emmett and Thomas B. Catron for plaintiff in error.

E. V. Long for defendant in error.

O'Brien, C. J.—The former city of Las Vegas had been incorporated as such in pursuance of a terri-

torial statute enacted February 11, 1880, and so continued until April 1, 1884, when it was disincorporated, in accordance with the provisions of chapter 38, Laws, 1884. The disincorporating act provides: "Sec. 3. It shall be the duty of said (county) commissioners of the respective counties in which said cities are situated to ascertain the amount of the indebtedness due and owing by said cities, and the name and names of the person or persons to whom any amount is due, and for the purpose every person or persons who may have a claim against such city shall within six months from the passage of this act, and not afterward, present the same to said board of commissioners, at any regular session held during that time; and it is hereby made the duty of said county commissioners to approve all just claims and proper and legal liabilities heretofore contracted by said cities, and reject all such claims which in their judgment are illegal and improper." Section 4 provides for an appeal to the district court from the decision of the county commissioners. "Sec. 5. Whenever the whole indebtedness of such cities shall be fully and finally ascertained, it shall be the duty of the respective county commissioners to levy, or cause to be levied, a special tax upon all the taxable property situate within the limits of said cities in said counties, for five years thereafter, amounting in each year to the one fifth part of said indebtedness, so as to pay off and liquidate the whole of said indebtedness within said five years. Sec. 6. Whenever said indebtedness shall be ascertained as provided in the foregoing section, it shall be the duty of said board of county commissioners to cause to be published in any newspaper published in the respective counties a notice, for the period of thirty days, requiring all parties to present to said board of county commissioners their approved accounts, and the said board of county commissioners shall thereupon give to the holder of the

same five warrants, each for the one fifth of the whole amount due, respectively, and to be payable on the first day of January of the five years next following, respectively, and payable out of the funds raised by said special tax." "Sec. 9. All approved accounts provided for in section 6 of this act must be presented to said county commissioners within four months from the date of the publishing of such notice, and not afterward." Before the disincorporation of Las Vegas the city council had issued to divers persons warrants upon the city treasurer payable to the order of the persons named for various amounts. Some of these warrants, representing in the aggregate $806, unpaid by the city at the time of disincorporation, the defendant in error held or owned, by indorsement or otherwise, at and before the commencement of this action. These warrants were afterward presented to the county treasurer for payment; and, on his refusal to pay, defendant in error, without further action, filed his bill in equity, alleging in substance the facts heretofore stated, praying judgment against the defendant county for the amount of his warrants; that defendant be ordered to pay the same to levy a tax therefor; and for a discovery of the books, records, and papers of the defunct city in defendant's custody. A general demurrer, on several grounds, was tendered to the bill. On hearing, the same was overruled, and the defendant answered over, alleging the various omissions and errors apparent upon the face of the complaint, and certain facts showing that complainant was not entitled to the relief sought. Thereafter the cause was tried to the court upon the pleadings and the stipulation of facts following: "(1) That the warrants sued upon in the above entitled cause are signed by the officers by whom they purport to be signed, and that the consideration for said warrants is set forth on the face of the respective warrants. (2) It is moreover agreed that the plaintiff

never presented the said warrants to defendant for payment or allowance until after the six months mentioned in the act of April 1, 1884, entitled, 'An act in reference to incorporated cities;' and, further, that there were several public sessions of the board of county commissioners of San Miguel county held during the six months immediately after the passage of said act. (3) And, further, that said warrants were never presented to said board for audit or allowance, but were presented to the treasurer of the county for payment before suit was brought." The bill of complaint, after alleging the incorporation of the city, the issuance and indorsement to plaintiff of the warrants in suit, and the subsequent disincorporation of the city, proceeds, that thereby "the said defendant became and now is liable and responsible for the payment of the indebtedness of said city of Las Vegas, and the particular indebtedness heretofore specially recited;" "that there is due your orator and owing to him from the defendant, on and for said claims and demands aforesaid, the sum of eight hundred and six ($806) dollars; that due demand for the payment thereof by and from the defendant has been made by your orator, but the same was refused, and not paid."

The court below, on the hearing of the cause, upon the pleadings and stipulation, rendered judgment against the defendant county for $1,049.31, the amount, with interest, due on the warrants in suit. The judgment is here for review upon writ of error brought by the county commissioners. If such a proceeding as this were contemplated or authorized by the statute cited, it should have been brought against the county, not as the substitute or successor of the disincorporated city, but as a tribunal or agency created by the statute to audit, allow, and discharge, in the manner therein provided, all approved, unpaid obligations of the defunct city. The proceed-

DISINCORPORATED cities, presentation of claims against.

ings are purely statutory.    The county is a stranger to
the official acts of the city council.    The debts evidenced
by the warrants in question are not transferred to the
county for payment out of funds derived from the gen-
eral taxation of the property of the county, but the
same are to be paid from funds levied as a special tax
upon all the taxable property situate within the limits
of said city.    As the indebtedness sued for was never
incurred by the county, its liability therefor must be
measured by the express or implied terms of the act
authorizing it to provide for its payment.    The disin-
corporating act requires the holder of city warrants to
present the same to the board of county commissioners
for approval or rejection within six months after the
passage of the act.    There is no allegation in the bill
of complaint that such presentation was ever made,
and the stipulation admits that these claims were never
so presented.    On what theory, then, does complain-
ant predicate his right to hold the county liable under
a statute, the cardinal requirement of which he admits
that he has disregarded?    The act invoked by defend-
ant in error does not purport to transfer to the county
the legal liability of the city to pay these warrants.    It
merely designates the board of county commissioners
as a suitable agency for the purpose of ascertaining
and providing a fund for the payment of the approved
legal obligations of the disincorporated city.    But the
relation of debtor and creditor—never having existed,
with regard to these orders, between the plaintiff and
the defendant—was not created by the act, and no per-
sonal judgment in a suit of this nature could, in any
event, be rendered against the county for the amount
of the indebtedness.    The liabilities and remedies of
the respective parties can not exceed the terms of the
act creating them.    Had plaintiff made the requisite
application for the allowance and approval of his
claims, and had the county board failed to do its duty

in the premises, an appeal lay from the adverse decision to the district court; and upon such appeal the court could render judgment approving or disapproving the whole or any part of such account or claim, as the same would appear just and proper. Section 4, chapter 38, supra. Had plaintiff complied with these requirements, he would have pursued the only course available under the statute; and, if he prevailed in either course, he would have been entitled to an adequate remedy, by mandamus or otherwise, requiring the county commissioners to levy a tax in pursuance of law to pay the claim allowed. Plaintiff had no other remedy against this defendant, and no authority can be found in the disincorporating act countenancing the proceedings pursued in this action. The county became, solely by operation of the law cited, a mere auditing and collecting agent for the creditors of a defunct municipal corporation, empowered to make by special tax out of the assets of the dead city, in the manner prescribed, a sufficient amount to discharge all claims duly presented and allowed. The county treasurer had no official duty to perform in those proceedings. The claims allowed and approved were within four months to be superseded by other evidences of indebtedness. "And the said board of county commissioners shall thereupon give to the holder of the same five warrants, each for one fifth of the whole amount due, respectively, and to be payable on the first day of January of the five years next following, respectively, and payable out of the funds raised by said special tax." Section 6, chapter 38, supra. Hence it was an idle ceremony to present the original warrants, even if approved, to the county treasurer. In no event had he any authority to recognize or pay them. They had no legal validity until presentation and allowance by the board in the first instance. Subsequently, on their surrender to the board, five warrants, of equal amount

in the aggregate, each payable on the first day of January, on the five following years, were to be delivered to the claimant in lieu of the claim surrendered. The latter were the "orders," and the only orders, which the county was authorized to pay. A substantially strict compliance with the requirements of the statute was a condition precedent of the collectibility of these claims. The remedy was exclusive, and plaintiff, not having followed it in any of its essential particulars, can take nothing by his action.

This view of the case renders it unnecessary to pass upon the validity or reasonableness of the six months' limitation. We may say, however, LIMITATION.     that we consider the period prescribed reasonable and mandatory, and that a claim not presented within the six months without legal excuse, is barred by the statute. We are led to this conclusion, in a great measure, in view of the character of the tribunal empowered to audit the claims. We doubt if such special tribunal can assume jurisdiction after the expiration of the period fixed by the statute conferring the power. If this works hardship, the remedy must be supplied by the legislature, and not by the courts. The validity of the disincorporating act, as to varying the terms of the city's obligations, etc., is neither considered nor determined. The judgment below is reversed.

McFIE, SEEDS, FREEMAN, and LEE, JJ., concur.