REBECCA G. COLEMAN *vs.* THE CITY OF FARGO.

Opinion filed October 11th, 1898.

**Cities—Organization and Government.**

The provisions, of article 7 of chapter 28 of the Political Code, embraced within sections 2171-2174 of the Revised Codes, and relating to the organization and government of cities, considered and construed.

**Personal Injuries—Presentation of Claims.**

The plaintiff, more than 60 days prior to commencing this action, made out and verified in proper form a claim for damages against the defendant for personal injuries resulting from a fall upon a sidewalk maintained by the defendant. Said claim was filed in due time in the office of the city auditor, and subsequently, and within 60 days from the date of the alleged injury, the auditor presented said claim to the mayor and council by reading the same to them at a regular session, the mayor being then present, and presiding at said session. The claim was never audited and allowed. Upon this state of facts appearing at the trial, the plaintiff was permitted, against objection, to put said claim in evidence. *Held,* that the ruling was not error, and that such presentation of the claim was sufficient as a preliminary to instituting suit on the claim.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Rebecca G. Coleman against the City of Fargo to recover for personal injuries. From a judgment for plaintiff, and an order denying its motion for a new trial, defendant appeals.

Affirmed.

*Charles J. Mahnken* and *John E. Greene,* for appellant.

The plaintiff as a condition precedent to action against the city should have presented his claim to the Board of Audit. § § 2170, 2171, 2172, Rev. Codes. The law not providing a method of service upon the board of audit the service must be personal. Potwine Appeal, 31 Conn. 381; Wade on Notice, 1312, 1313, 1334 and 1335; *McDermott* v. *Board,* 25 Barb. 646; *Rathburn* v. *Acker,* 18 Barb. 393; *Nichols* v. *Boston,* 98 Mass. 39; *City* v. *Saulcey,* 38 Pac. Rep. 1098; *Burford* v. *Mayor,* 49 N. Y. Supp. 969. The statute is mandatory and must be strictly construed. Suth. Stat. Cons. § 454; *Underhill* v. *Town,* 46 Vt. 767; *Nichols* v. *Minneapolis,* 30 Minn. 547. The fact that the claim was in fact considered in a session of the council, does not operate as a waiver of service. The officers cannot waive the mandate of a statute which effects the rights of the public. *Underhill* v. *Washington,* 40 Vt. 767; *Veazie* v. *Rockland,* 68 Me. 513; *Gay* v. *Cambridge,* 128 Mass. 387; *Starling* v. *Bedford,* 62 N. W. Rep. 674; *Borst* v. *Sharon,* 48 N. Y. Supp. 996.

*Leonard A. Rose* and *Fred B. Morrill* (*Edward Engerud* of counsel), for respondent.

WALLIN, J. This is an action to recover damages for a personal

injury resulting from the alleged negligence of the defendant
in maintaining a sidewalk. The plaintiff recovered below, and the
defendant now asks for a reversal of the judgment in this Court
upon the ground that incompetent evidence was allowed to go to the
jury. A single error is assigned in this Court, and the question
presented thereby involves the construction to be placed upon article
7 of chapter 28 of the Political Code. Sections 2171, 7172, Rev.
Codes, are as follows: "The mayor and common council of all cities
organized under the provisions of this chapter are constituted boards
of audit for said cities respectively." "All claims against cities for
damages or injury alleged to have arisen from the defective, unsafe,
dangerous or obstructed condition of any street, crosswalk, sidewalk,
culvert or bridge of any city, or from the negligence of the city
authorities in respect to any such street, crosswalk, sidewalk, culvert
or bridge, shall, within sixty days after the happening of such
injury or damage, be presented to the mayor and common council
of such city by a writing signed by the claimant and properly veri-
fied, describing the time, place, cause and extent of the damage or
injury." The remaining sections of article 7 provide, in effect, that
no action can be maintained on this class of claims against cities
unless it is made to appear that the same have first been presented
to the mayor and council in proper form, within the time limited,
and that the mayor and council have not allowed and audited the
same within the period stated in the statute. On August 31, 1896,
the city council being then assembled in regular session, the mayor
being present and presiding at the session, the city auditor produced
the claim, and presented the same to the mayor and council by read-
ing the same to them during said session. The claim was then turned
over to the city attorney, after the council, by a vote, had referred
the matter to the street committee of that body. The paper con-
taining the claim was never out of the possession of the auditor until
it was delivered to the city attorney. It is conceded that the claim
was presented within the time limited by the statute for the pre-
sentation of such claims, and was not at any time audited and
allowed; and it is also conceded that the claim was in proper form,
and was sufficiently verified when read to the mayor and council
by the auditor.

Upon these facts the appellant's counsel in their brief state their
contentic : as follows: "We contend that the record in this case does
not disclose that any claim has ever been presented to be considered
by the board of audit of the City of Fargo in this case. Until
such presentation has been made, such board of audit has no juris-
diction to pass upon the merits of the claim; and, until such juris-
diction has been conferred, no action or want of action on the part
of the board of audit can warrant the prosecution of an action upon
the claim in any court." In explanation of what is meant by counsel
by the statement in their brief that "the record does not disclose
that any claim has ever been presented to be considered by the board

of audit," it is contended by the counsel that "the record in this case does not disclose that the plaintiff, or any person employed by her, ever presented any claim for the damages sued for. There is nothing to show that the city auditor or his employe * * * was requested by the plaintiff, her agent or attorney, to present the same to the mayor and council or to the board of audit." The gist of this contention seems to be that, while the plaintiff's claim was, at the proper time, presented to the proper official body, viz: the mayor and council, by the city auditor, in whose office it was filed, and with whose employe it had been left, nevertheless, it was not so presented lawfully, and hence could not have been lawfully considered by the board of audit, because it does not appear affirmatively from the evidence that the auditor acted upon the request of the plaintiff in presenting the claim to the mayor and council. We cannot uphold this contention. The statute governing the presentation of this class of claims has not attempted to prescribe the manner of their presentation, nor to indicate the persons who shall present them, or the particular channel through which the claims are to be presented. Sections 2172-2174, supra. In the absence of statutory regulation, the claimant is wholly unrestricted with respect to the manner of presenting his claim, and may choose any manner which suits his convenience, provided, always, that his claim is presented in proper form, and within the statutory time, to the proper body.

Counsel further argue that, inasmuch as the presentation of this class of claims is a necessary preliminary to the institution of an action to collect the same, the presentation is therefore assimilated to a process summons or notice, which must be served personally, or in some manner pointed out by the statute. We think this point is too far-fetched. The language of the charter is simply that this class of claims shall "be presented to the mayor and council." The statute, as has been seen, leaves the manner of such presentation wholly optional with the claimant.

Counsel further argue that, when the mayor and council sit as a board of audit upon this class of claims, they are a distinct and independent body, in which the mayor is an active member, having a vote, and over which he is not necessarily the presiding officer. We deem this point wholly immaterial to a decision of this case. The mode of organizing this independent body, if it is such, is not prescribed in the statute, nor are the times and places of its sessions prescribed, nor is the mode of calling it together laid down in the law. Nor does the statute, in terms or by implication, accord any hearing to the claimant before any independently organized body upon the merits of his claim. As has been seen, the claimant is required by statute, after putting his claim upon paper, and verifying it, to present the same to the "mayor and council," without specifying whether such presentation shall be made at a session of either one body or the other,—if, indeed, the law ever contemplated the existence of two distinct and independent bodies in this connection. Without enlarging further upon the case, it will suffice

to say that we think the record shows a sufficient presentation of this claim to the mayor and council as preliminary to the commencement of the action, and that the trial court did not err in permitting the claim to go to the jury against the objection of counsel. The assignment of error must be overruled, and the order denying a new trial and the judgment entered below will be affirmed. The other judges concurring.
(76 N. W. Rep. 1051.)