## GABLE *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—NEGLIGENCE—NOTICE—DETROIT CHARTER—CONDITION PRECEDENT.

 Under the charter of the city of Detroit requiring that written notice be served upon the corporation counsel or his chief assistant before any action be brought against the city or any of its boards, etc., for negligent injury, the giving of such notice is *held,* to be a condition precedent to the right of recovery.

2. SAME—NOTICE—COMPLIANCE WITH CHARTER PROVISION.

 Introduction in evidence of a written claim for negligent injuries addressed to the city council, and bearing the initials of the corporation counsel, with a notation that it was referred to the investigator of claims, together with evidence that said claim was heard and rejected, *held,* to show a substantial compliance with the charter provision.

On question as to whom notice of injury or claim against municipality may be served upon, see note in 46 L. R. A. (N. S.) 167.

3. SAME.

That said notice was addressed to the common council, and that it was served on the corporation counsel by an employee of the city clerk's office instead of by plaintiff or her attorney, *held*, unimportant.

4. SAME—GIVING NAMES OF WITNESSES—QUESTION FOR JURY.

Plaintiff's testimony that she did not give the names of the witnesses, as required by the charter, when she first filed her claim, because unknown to her at that time, but that she later gave them to the chief assistant corporation counsel, although disputed, *held*, to present a question of fact for the jury.

5. SAME—VARIANCE—PLACE OF ACCIDENT.

An objection that there was a variance between the notice, which stated that plaintiff's injury was caused by her stepping into a hole in the pavement "near Woodward and State in the vicinity of MacDiarmid's candy store," and the proof, which showed that said store is located at the corner of ˙Woodward and Clifford, *held*, too technical to be sustained, especially in view of the fact that defendant's street repair department employees had no difficulty in finding the defect which caused the injury.

6. SAME — DEPTH OF DEFECT IN PAVEMENT—EVIDENCE—QUESTION FOR JURY.

Testimony by defendant's witnesses that they measured. the hole and that it was only two and one-half inches in depth is not conclusive that it was a slight depression absolving defendant from liability therefor, where one of plaintiff's witnesses testified that he had measured the hole with his shoe, and it was found therefrom that it was three and three-quarters inches deep.

7. SAME—CHARACTER OF DEFECT—TRAP—QUESTION FOR JURY.

While a municipality is not liable, as matter of law, for slight depressions in its pavements, evidence that the depression is of such size, shape, and character as to form a trap in which the pedestrian's foot may be caught and held presents a question for the jury, under proper instructions.

Error to Wayne; Shepherd (Frank), J., presiding. Submitted January 22, 1924.    (Docket No. 106.) Decided March 5, 1924.

Case by Hattie Gable against the city of Detroit for personal injuries.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*James R. Walsh* (*Richard I. Lawson,* of counsel), for appellant.

*John G. Cross,* for appellee.

FELLOWS, J.    Plaintiff recovered a judgment for $500 for personal injuries received by stepping into a hole in the pavement on Woodward avenue while going from the curb to a street car.    Defendant's brief considers only the question of the refusal of the court to direct a verdict in its favor, several grounds for such direction being urged.    Chapter 7, tit. 6, § 12, p. 137, of the charter of the city of Detroit provides:

"No action shall be brought against the city nor any of its boards, commissions or officers for any negligent injury unless it be commenced within one year from the time when the injury was received, nor unless written notice be served upon the corporation counsel, or his chief assistant, within sixty days from the time of the happening of such injury, which notice shall specify the location and nature of the defect claimed, the injury sustained, and the name of the witnesses known at the time by claimant."

The giving of such notice is a condition precedent to plaintiff's right of recovery.    *Moulthrop* v. *City of Detroit,* 218 Mich. 464.    In the instant case it was alleged in the declaration and upon the trial plaintiff introduced two papers, one being a duplicate of the other, and both being signed by plaintiff; one bore the filing date in the office of the city clerk of December 16, 1920, the other bore the following:

"Rec'd C. E. W., 12-17, 1920
Ref. to Lamb, 12-17, 1920."

It was admitted that the initials "C. E. W." were those of the corporation counsel and were in his handwriting. It also appears that Lamb was the investigator of claims in the office of the corporation counsel. The claim was addressed to the common council, stated that the accident occurred December 3d in the evening "near Woodward and State in the vicinity of MacDiarmid's candy store." Plaintiff also testified that she went to the office of the chief assistant corporation counsel and he prepared another notice of her claim; that she did not know the names of the witnesses when she signed the first papers but gave their names to the assistant corporation counsel. The giving of the second notice was denied but it appeared from the testimony of one of defendant's witnesses that the first claim was made out by an employee in the city clerk's office, one copy being retained in that office and the other being forwarded by him to the corporation counsel. It also appeared that a hearing was had on her claim and it was rejected before the suit was brought.

We think there was a substantial compliance with the charter provision. The fact that the notice was addressed to the common council is unimportant; that the notice was served on the corporation counsel by an employee in the city clerk's office instead of by plaintiff or her attorney is likewise unimportant. Plaintiff was not required to give the names of witnesses then unknown to her. Her testimony, although disputed, that she later gave the names of her witnesses to the chief assistant corporation counsel presented a question of fact for the jury, not one of law for the court.

The notice stated that the accident occurred in the vicinity of MacDiarmid's candy store, near Woodward and State. The proof showed that MacDiarmid's candy store was on Woodward near Clifford. It is

insisted that there was a variance between the notice and the proof rendering the notice nugatory, and *Sowle* v. *City of Tomah,* 81 Wis. 349 (51 N. W. 571), is relied upon.     In that case the notice stated the injury to have occurred on Washington street "between blocks three and twenty-five of Railroad addition;" and the court states in the opinion that:

"There is nothing else in the notice which gives any information of the place of injury."

There was no block three of that addition abutting on Washington; the addition contained thirteen blocks, five of which abutted on Washington.     It was held that the description was too indefinite, but it was said:

"Were there any other description in the notice which would aid in locating the place of injury, it might be sufficient, notwithstanding the defective description thereof.     Such was the case in *Fopper* v. *Town of Wheatland,* 59 Wis. 623 (18 N. W. 514), where, because there was one correct description of the place of injury, we were able to apply the maxim that a false description does not vitiate if the thing intended has once been sufficiently described."

Here the description "in the vicinity of MacDiarmid's candy store," a well-known institution located at Woodward and Clifford, was incorrectly stated to be located at Woodward and State.     The defendant through its street repair department had no difficulty in finding the defect which caused the injury.     We are persuaded that the objection is too technical to be sustained.

A few days after receiving the notice of injury the repair department sent some of its men to repair the defect.     Before making the repairs they measured the depth of the hole and testified that it was two and one-half inches.     It is insisted that this actual measurement should be accepted in place of estimates

and that such figures bring the case within that class of cases in which the municipality is absolved from liability for slight depressions in the way.    But one of the plaintiff's witnesses who was very familiar with the hole, having for some time been a news-boy on the street, testified that the hole was as deep as the top of his Oxford shoes which were measured in court and found to be three and three-quarters inches.    This indirectly was an actual measurement. But beyond that we think the testimony brings the case within the holding in *Cornell* v. *City of Ypsilanti*, 212 Mich. 540, where we said:

"We reach the conclusion that while a municipality is not liable, as matter of law, for slight depressions in its sidewalks, such depressions may be of such size, shape and character as to make the question one of fact, and that where the evidence tends to establish that the depression is of such size, shape and character as to form a trap in which the pedestrian's foot may be caught and held a question for the jury under proper instructions is presented."

The judgment will be affirmed.

CLARK, C. J., and McDONALD, BIRD, SHARPE, MOORE, STEERE, and WIEST, JJ., concurred.