ANNA L. RUSSELL *v.* MAYOR AND COUNCIL OF WILMINGTON.

(*July* 29, 1932.)

Rodney, J., sitting.

*Walter J. Willis* for plaintiff.

*Harry K. Hoch* for defendant.

Superior Court for New Castle County, Summons Case, No. 96, January Term, 1932.

RODNEY, J., delivering the opinion of the Court:

This case, for the first time in this state, calls for a construction of the act providing for a notice to municipal authorities of an accident or injury within a specified time from the happening of such injury.

At common law no such notice was necessary, but such statutes are quite common in other jurisdictions and are almost universally upheld.

The first contention of the plaintiff presents the question as to whether the giving of the notice is a condition precedent to the commencement or the maintenance of the action, or whether the failure to give notice required by the statute constitutes a matter of defense to be raised by the defendant, or to be considered as waived if not so raised.

The charter of the city of Wilmington has been in existence many years and the liability of the city for actions of tort has been considered by the courts in many cases.

In *Coyle v. McIntire, 7 Houst. 44, 30 A. 728, 40 Am.*

*St. Rep.* 109, the court considered the status of the city and held that the municipal corporation was merely an agency instituted by the state for the purpose of carrying out in detail the objects of government; that it was essentially a revocable agency and created no vested right to any of its powers or franchises and was subject to the control of the legislature which might enlarge or diminish its territorial extent or functions and modify or even destroy its very existence. The courts have held that when the municipal corporation accepted its charter it became liable for its torts as any private corporation would have been under the same statutory or charter provisions. The legislature authorized the city to sue or be sued. Originally the city was liable for injuries sustained upon footways as well as streets of the city, but by an amendment to the charter of the 24th day of April, 1889, *Laws of Delaware, Volume* 18, *page* 889, *c.* 663, the liability of the city for injuries arising upon footways was removed by the legislature. *Mayor and Council of Wilmington v. Ewing,* 2 *Penn.* 66, 43 *A.* 305.

██ The legislature, having the right to alter or modify the charter, or revoke it at pleasure, on March 27th, 1925, passed the act in question. The injury complained of happened after the passage of that act. The act by its title amends the "Statutes relating to the City of Wilmington." This, therefore, acts as an amendatory act of the charter itself and so far as this suit is concerned the situation is as if said amendatory act formed a part of the charter itself. The act expressly says that no suit or proceeding shall be brought or maintained unless the person injured shall give notice of the injury. I am of the opinion that this notice is therefore a necessary pre-requisite to any recovery by the plaintiff.

The authorities in other jurisdictions are almost uniform in holding, under statutory provisions similar or analogous to the one now under consideration, that the giving of notice is a condition precedent to the institution or

maintenance of the suit. The cases themselves are so numerous that I must content myself with references to the general authorities where the cases themselves are collected. 6 *McQuillen Mun. Corp.* (2d *Ed.*), §§ 2886 to 2899; 4 *Dillon Mun. Corp.* (5th *Ed.*), § 1613 *et seq.;* 19 *R. C. L.,* § 329, *p.* 1040; 43 *C. J.,* §§ 1956, 1984; 44 *C. J.,* § 4664, *p.* 1460;.5 *Thompson on Negligence,* § 6321, *p.* 780;. *White, Negligence of Mun. Corp.,* §§ 665-699.

■ Having concluded that it was necessary for the plaintiff to show a compliance with the statute requiring notice to be given within six months from the happening of the injury, it now becomes material to consider whether the institution of the suit and the filing of the declaration constitute a sufficient compliance on the part of the plaintiff. I am clearly of the opinion that it does not. The statute expressly directs upon whom the notice shall be served. "The Mayor and Council of Wilmington" is the corporate name of the city, but the notice must expressly be made upon "the Mayor" of the Mayor and Council of Wilmington.

■ The sheriff's return ·to the original summons shows that the original summons was served upon ·the mayor so that he had notice of some claim on the part of the plaintiff. The declaration was filed on the 15th day of January, 1932. I am bound judicially to know the practice of the courts and that the declaration is not served upon the mayor, but, upon appearance being entered by the city solicitor, the declaration is received by him. ·

■ The declaration does not have to be filed until sometime after the institution of the suit and in fact usually is not. There is no presumption that the mayor ever saw the declaration or any of the details of the accident. The declaration being signed merely by counsel for the plaintiff, could not be construed to be a notice in writing by the person injured. All of the cases collected in the foregoing authorities require a more strict construction of similar acts. Where the statute requires that a notice be served

upon a particular person then there must be a strict compliance with such provision and a service of the notice upon another person is not sufficient. Where the municipal corporation itself is the defendant the filing of a declaration in such case is not sufficient service of the notice upon a particularly designated individual.

While one purpose of the act is to give the city prompt notice and details of the accidents involving claims against the city, yet its purpose is a public one because as all of the funds of the city must be raised by taxation, the rights of the individual taxpayers depend upon the compliance with a statute.

No sufficient notice of the claim having ever been given according to the terms of the statute the motion of the defendant for a non-suit must be granted.