Ernestine HIRSHFELD, Executrix of the Estate of Sam H. Hirshfeld, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 13892.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 11, 1958.

Decided March 13, 1958.

Mr. Francis L. Casey, Jr., Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellant.

Mr. George H. Clark, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before REED, Associate Justice of the Supreme Court, retired,* and EDGERTON, Chief Judge, and BAZELON, Circuit Judge.

REED, Associate Justice, sitting by designation.

Appellant instituted an action for damages against the District of Columbia, for negligence of the District in the maintenance of a sidewalk. The defect allegedly caused injury to her deceased husband. The District claims that appellant's suit is barred for failure to comply with section 12–208 of the District of Columbia Code, which requires that notice of injury be given the District. The section reads as follows:

"No action shall be maintained against the District of Columbia for unliquidated damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury or damage: *Provided, however,* That a report in writing by the Metropolitan police department, in regular course of duty, shall be regarded as a sufficient notice under the above provision." [1]

Appellant wrote a timely letter after the accident addressed to "Engineer Dept. D. of C." This letter accurately furnished all the information required by the statute. The Inspector of Claims,

---

* Sitting by designation pursuant to Section 294(a), Title 28 U.S.Code.

[1]. 47 Stat. 1370 (1933), D.C.Code § 12–208 (1951).

Government of the District of Columbia, Office of the Corporation Counsel, answered seeking additional information, which appellant likewise furnished within the statutory period. The court below directed a verdict for the District of Columbia on the ground that the plaintiff "failed to show notice * * * to the District of Columbia through the Commissioners, as required by the statute."

In deciding District of Columbia v. Leys, 62 App.D.C. 3, 63 F.2d 646, in 1932, this court referred to the difficulty a large municipality encounters in defending tort actions for injuries allegedly caused by negligence of its employees. Should notice of the injury be delayed perhaps for many months after the accident,[2] the court suggested a serious handicap might be created because of the inability of the city to determine and present the actual facts of the accident. As that case was filed within the period of limitation, a jury verdict was allowed to stand, notwithstanding variations in the record as to the place of the injury. The court in its opinion on rehearing suggested, however, legislative consideration of the desirability of a "short but reasonable period" for a sworn complaint to the District. The next month Congress enacted the statute quoted above.

In McDonald v. Government of the District of Columbia, 1955, 95 U.S.App. D.C. 305, 221 F.2d 860, a panel of this court construed the statute to protect the District against a claim, directed to the Commissioners, of injury from a defective sidewalk when the place had been misstated in the notice furnished as being in the northwest section of the city when actually it had occurred at a similarly numbered and lettered corner in the southeast. Timely correction of the error of location was orally made to an Assistant Corporation Counsel and by letter addressed to "Inspector of Claims, D. C., Office of the Corporation Counsel." The court said,

"Appellant argues that the court must give effect to the spirit and intent of the statute, which, he says, were to insure merely that the District has notice of an injury within six months of its alleged occurrence. But, where a statute is clear and unambiguous and is specific in the details of its requirements as to the maintenance of an action against the Government, the courts are not at liberty to construe the statute other than according to its terms, or to depart from its clear requirements." 95 U.S.App.D.C. at page 306, 221 F.2d at page 861. Cf. District of Columbia v. Green, 1955, 96 U.S.App.D.C. 20, 223 F.2d 312.

In 1956 this court in banc decided Stone v. District of Columbia, 99 U.S. App.D.C. 32, 237 F.2d 28, a case that showed timely written notice to the Corporation Counsel by plaintiff's attorney and a police report. Three members of the court concluded that the purpose of the requirement "is to give the District timely information concerning a claim against it." 99 U.S.App.D.C. at page 33, 237 F.2d at page 29. Although the letter to the Corporation Counsel varied from the statutory requirement of notice to the Commissioners, five members of the court overruled the McDonald case so far as it held that the notice addressed to the Corporation Counsel did not comply with the statute. Vigorous dissents contended that, when the legislature designates a particular person or office to receive notice as a prerequisite for suit against a municipality, the requirement must be strictly followed, even though no loss of ability to defend results from any error made.[3] This may be said to

---

2. The period of limitations is three years. 31 Stat. 1389 (1901), as amended, D.C. Code § 12–201 (1951).

3. There may be no such loss of ability, either because of independent knowledge on the part of the city or because of receipt of notice by a person, other than the one designated by the statute, who could properly protect the city's interest.

be the general attitude of the state courts.[4] Stone v. District of Columbia, supra, stands alone for the proposition that in certain limited circumstances effective notice can be given, without specific delegation, to an official other than the one set forth in the statute.[5]

The issue in this case, however, rests upon the District's contention that, accepting Stone as establishing that notice to the Corporation Counsel adequately complies with the statute because he defends such actions for the District, the statutory requirement as there interpreted is not met by a notice addressed to the "Engineer Dept. D. of C.," and initially received by an office other than that of the Commissioners or of the Corporation Counsel. The factor that we think controls this case is not the address that appellant placed on her notice nor its initial receipt but the fact that the notice was actually received in time by the office which, under Stone, can effectively receive such notice so as to satisfy the statutory requirements. Our view of this question accords with decisions by state courts that have considered this problem.[6] Such an application of the statute conforms to its purpose to protect the District while it avoids a verbalistic ruling that injures meritorious claimants. We do not think this an extension of Stone. We do not hold that the statute is satisfied by the address to the "Engineer Dept.," but rather that when the notice though improperly addressed was received by the proper office within the time limit set by the statute it was effective. We see no prejudice to the District, but a substantial compliance with the statute and an effectuation of the purposes of Congress.

Reversed.

4. Kornahrens v. City and County of San Francisco, 1948, 87 Cal.App.2d 196, 196 P.2d 140; Fisher v. City and County of Denver, 1950, 123 Colo. 158, 225 P.2d 828, 23 A.L.R.2d 963; Russell v. Mayor & Council of Wilmington, 1932, 5 W.W. Harr. 193, 35 Del. 193, 162 A. 71; Buck v. City of Hallandale, Fla.1955, 85 So.2d 825; McCarthy v. City of Chicago, 1941, 312 Ill.App. 268, 38 N.E.2d 519; Wellman v. City of Owensboro, Ky.1955, 282 S.W.2d 628; Huntington v. City of Calais, 1909, 105 Me. 144, 73 A. 829; Brown v. Town of Winthrop, 1931, 275 Mass. 43, 175 N.E. 50; Braun v. Wayne County, 1942, 303 Mich. 454, 6 N.W.2d 744; Aronson v. City of St. Paul, 1934, 193 Minn. 34, 257 N.W. 662; Board of County Com'rs of San Miguel County v. Pierce, 1892, 6 N.M. 324, 28 P. 512; Lewis v. City of New York, 1938, 278 N.Y. 517, 15 N.E.2d 672; Nevins v. City of Lexington, 1937, 212 N.C. 616, 194 S.E. 293; Whalen v. Bates, 1895, 19 R.I. 274, 33 A. 224; Gilkey v. City of Memphis, 1929, 159 Tenn. 220, 17 S.W.2d 4; Moran v. Salt Lake City, 1918, 53 Utah 407, 173 P. 702; Cole v. City of Seattle, 1911, 64 Wash. 1, 116 P. 257, 34 L.R.A.,N.S., 166; Harris v. City of Fond du Lac, 1899, 104 Wis. 44, 80 N.W. 66. See 18 McQuillin, Municipal Corporations § 53.160 (1950); Rhyne, Municipal Law § 30–32 (1957).

5. See, Celanese Corp. of America v. Mayor and Council of Wilmington, 1950, 7 Terry 114, 46 Del. 114, 78 A.2d 249; Peterson v. Village of Cokato, 1901, 84 Minn. 205, 87 N.W. 615; Peterson v. Kansas City, 1929, 324 Mo. 454, 23 S.W.2d 1045. See also statement of Judge Prettyman in dissent in Stone v. District of Columbia, 99 U.S.App.D.C. at page 42, 237 F.2d at page 38.

6. Canon City v. Cox, 1933, 55 Colo. 264, 133 P. 1040; Gable v. City of Detroit, 1924, 226 Mich. 261, 197 N.W. 369; Dennis v. City of Albemarle, 1955, 242 N.C. 263, 87 S.E.2d 561; Coleman v. City of Fargo, 1898, 8 N.D. 69, 76 N.W. 1051; Missano v. City of New York, 1889, 160 N.Y. 123, 54 N.E. 744; Zivyak v. Board of Education, 2d Dep't 1953, 282 App. Div. 704, 122 N.Y.S.2d 19; City of Beaumont v. Baker, Tex.Civ.App.1936, 95 S. W.2d 1365. See also Fisher v. City and County of Denver, 1950, 123 Colo. 158, 225 P.2d 828, 831, 23 A.L.R.2d 963; Wormwood v. City of Waltham, 1887, 144 Mass. 184, 10 N.E. 800; Huntington v. City of Calais, 1909, 105 Me. 144, 73 A. 829; Aronson v. City of St. Paul, 1934, 193 Minn. 34, 257 N.W. 662; Rogers v. Village of Port Chester, 1922, 234 N.Y. 182, 137 N.E. 19; Cole v. City of Seattle, 1911, 64 Wash. 1, 116 P. 257, 260, 34 L.R.A.,N.S., 1166. Contra, Lewis v. City of New York, 1938, 278 N.Y. 517, 15 N.E.2d 672.