**Arthur L. LIVELY, Plaintiff,**

v.

**Maurice J. CULLINANE et al., Defendants.**

**Civ. A. No. CA 75–0315.**

United States District Court,
District of Columbia.

April 8, 1976.

See also, D.C., 451 F.Supp. 1000.

Bruce D. Sokler, Covington & Burling, Washington, D. C., for plaintiff.

Robert L. Chernikoff, Asst. Corp. Counsel, Washington, D. C., for defendant.

BRYANT, Chief Judge.

This matter is now before the Court on defendant District of Columbia's Motion To Dismiss Or, In The Alternative, For Summary Judgment, and plaintiff's opposition thereto. In this action plaintiff seeks declaratory, injunctive, and monetary relief from seven defendants for what is alleged to be illegal arrest and detention in violation of plaintiff's constitutional rights. Plaintiff also seeks to represent all those similarly situated with respect to the declaratory and injunctive relief sought against the supervisory defendants'[1] alleged policy and practice of failure to make prompt presentment of persons arrested by the D.C. Police to a magistrate in violation of the United States Constitution.

Defendant District of Columbia has moved to dismiss the action or in the alternative for summary judgment on the basis of plaintiff's alleged failure to comply with the notice requirements of 12 D.C.Code § 309. That section provides:

"An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia of the approximate time, place, cause and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is sufficient under this section."

Plaintiff was arrested and charged with disorderly conduct March 9, 1974. While at the station and in factual circumstances that are in dispute, plaintiff suffered a bruised head and a broken wrist, which was treated prior to his release some seven and one half hours after his arrest. Plaintiff was found not guilty on one count of disorderly conduct April 4, 1974.

The gravamen of plaintiff's claim is that a lack of probable cause for the initial arrest combined with the delay in present-

---

1. The District of Columbia, Maurice J. Cullinane, Jerry V. Wilson.

ment to a magistrate for a judicial determination of probable cause violated plaintiff's rights under the First, Fourth and Fifth Amendments to the United States Constitution.

Insofar as plaintiff seeks declaratory and injunctive relief against the District of Columbia, D.C.Code § 12–309 is, by its terms, inapplicable. The only remaining question is therefore whether the section applies to the damages phase of the action, given that the claims made are constitutional in nature and that jurisdiction is based on 28 U.S.C. § 1331.

This question is directly analogous to that faced by our Court of Appeals in *Sullivan v. Murphy*, 156 U.S.App.D.C. 28, 478 F.2d 938 (1973); cert. denied, 414 U.S. 880, 94 S.Ct. 162, 38 L.Ed.2d 125 (1973). In that case plaintiffs sought a ruling ordering the expungement of certain police records which they contended were compiled in violation of the Fourth Amendment. The District of Columbia asserted that D.C.Code § 4–137 foreclosed the remedy of expungement. In resolving the question of the applicability of § 4–137 the court held that in a suit such as this, where jurisdiction is not based on diversity of citizenship and local law is therefore not controlling (i. e. the "Erie" doctrine does not apply), the federal district court must ascertain whether Congress in passing laws relating to the District of Columbia intended to limit the federal courts' ability to give relief to persons in the District of Columbia, deprived of Constitutional rights, that would be available to the various states from the federal courts of those districts. The court in *Sullivan* concluded that the law in question was not so intended, and was a mere "housekeeping measure." The court said:

> "We think it plain that this statute was not intended to limit the Federal courts from giving relief, to persons in the District of Columbia deprived of constitutional rights, that would be available to persons in the various States from the

appropriate Federal courts of those districts."

Likewise, it is apparent that § 12–309 was not so intended. Rather, it was intended to serve the same function as numerous comparable state statutes requiring notice to municipalities of events which might result in traditional tort suits against the municipality. Here, as in *Sullivan,* plaintiff alleges infringement of constitutional rights, not common law rights, and seeks redress under federal law,[2] in a federal forum, under federal question jurisdiction. Congress plainly did not intend this essentially local notice provision to relate to such a situation. See *Hirshfeld v. District of Columbia,* 103 U.S. App.D.C. 71, 254 F.2d 774 (1958). Accordingly, it is by the Court this 7th day of April, 1976,

ORDERED, that defendant District of Columbia's Motion To Dismiss Or, In The Alternative, For Summary Judgment, be and hereby is, denied.

---

2. See, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed. 619 (1971).