**Michael D. CRAIG, Plaintiff,**

v.

**Leroy WITUCKI, Michael Samp, John Doe I and John Doe II, Defendants.**

**No. S 85–182.**

United States District Court,
N.D. Indiana,
South Bend Division.

Jan. 13, 1986.

Douglas D. Seely, Jr., Mishawaka, Ind., for plaintiff.

John P. Gourley, Wilfred J. Mayette, James J. Olson, Mishawaka, Ind., for defendants.

ORDER

ALLEN SHARP, Chief Judge.

This case was filed pursuant to 42 U.S.C. § 1983 for alleged deprivation of plaintiff's constitutional rights. In his complaint plaintiff alleges that each defendant is an officer on the Police Department of the City of Mishawaka and while acting in their official capacity assaulted plaintiff on or about March 19, 1983 and violated his rights to due process and equal protection as guaranteed by the Fourteenth Amendment of the Constitution of the United States. The defendants filed a motion for summary judgment on November 1, 1985 to which no response has been filed as

required by Rule 7 (b) of the Rules of the United States District Court for the Northern District of Indiana. Accordingly, this motion is subject to summary ruling. This court has been compelled to do extensive independent research on the question here presented. The sole issue raised in defendants' motion for summary judgment is whether this action is barred for failure to file a notice of claim as required by the Indiana Tort Claims Act, I.C. § *34–4–16.5–1 et seq.*

Section 34–4–16.5–7 of the Indiana Code provides that a claim against a political subdivision is barred unless notice is filed within 180 days after the loss occurs. The Supreme Court of Indiana recently held that the notice requirement of I.C. § 34–4–16.5–7 must be complied with if a municipality's employees acting in the scope of their employment are named as defendants, even though the municipality itself is not a named defendant, because of the provisions contained in I.C. § 34–4–16.5–5 [1]. *Poole v. Clase*, 476 N.E.2d 828 (Ind.1985). In this case, the named defendants were allegedly acting in the scope of their employment when the alleged assault occurred. Accordingly, the Indiana Tort Claims Act would have required plaintiff to serve the requisite notice on the City of Mishawaka if the plaintiff's claim of assault was based upon Indiana law. Plaintiff admits this was not done. This case, however, is not based on Indiana law but rather is brought pursuant to 42 U.S.C. § 1983 for alleged violations of plaintiff's constitutional rights. The issue therefore is whether the Indiana Tort Claims Act should be applied to Section 1983 actions.

■ The defendants maintain that the Supreme Court of the United States in *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) held that all Section 1983 actions are to be considered "tort" actions and that the Indiana Tort Claims Act should therefore apply. The court finds this argument unpersuasive for several reasons. First, in *Wilson v. Garcia*, the issue before the Supreme Court was what statute of limitations should be applied to § 1983 actions since none was contained in the federal statute. Upon reviewing the alternatives, the Court found that § 1983 provided a remedy for injuries to personal rights and therefore held that § 1983 claims are best characterized as personal injury tort actions. Characterizing § 1983 actions as "tort actions" for purposes of determining an appropriate statute of limitations is one thing. Saying that the Supreme Court intended that any state statute applying to "tort actions" would apply to § 1983 actions just because they are characterized as such for one purpose is quite another. Section 1983 was intended to provide a federal remedy, independently enforceable whether or not it duplicates a parallel state remedy. 105 S.Ct. at 1949; *Monroe v. Pape*, 365 U.S. 167, 173, 81 S.Ct. 473, 476, 5 L.Ed.2d 492 (1961). Congress did not impose any procedural prerequisite for filing a section 1983 action and to impose state procedural require-

---

1. Section 34–4–16.5–5 provides as follows:

"(a) A judgment rendered with respect to or a settlement made by a governmental entity bars an action by the claimant against an employee whose conduct gave rise to the claim resulting in that judgment or settlement. (b) Subject to the provisions of IC 34–4–16.5–4, IC 34–4–16.5–13, IC 34–4–16.5–14, and IC 34–4–16.5–15, *the governmental entity shall pay any judgment, compromise, or settlement of a claim or suit against an employee when the act or omission causing the loss is within the scope of his employment, regardless of whether the employee can or cannot be held personally liable for the loss* and when the governor, in the case of a claim or suit against a state employee, or the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision, determines that paying the judgment, compromise, or settlement is in the best interest of the governmental entity. (C) *The governmental entity shall provide counsel for and pay all costs and fees incurred by or on behalf of an employee in defense of a claim or suit for a loss occurring because of acts or omissions within the scope of his employee can or cannot be held personally liable for the loss.* (d) Nothing contained in this chapter shall be construed as a waiver of the eleventh amendment to the Constitution of the United States, as consent by the state of Indiana or its employees to be sued in any federal court, or as consent to be sued in any state court beyond the boundaries of the state of Indiana."

ments on a § 1983 claim would diminish the board remedial purpose intended by Congress.

Second, this plaintiff alleges infringement of his constitutional rights and brought his claim under § 1983 which provides for a federal remedy. This case is in a federal forum under federal question jurisdiction. Accordingly, the action is governed by federal law and its benefits cannot be denied by state statutes, common law rules or decisional law. *See, e.g., Beauregard v. Wingard,* 230 F.Supp. 167 (D.Cal.1964).

Finally, the only other case that this court could find that dealt with the issue of a state law required notice when a plaintiff alleges deprivation of constitutional rights held that the failure to give notice could not bar the action. *Lively v. Cullinane,* 451 F.Supp. 999, 1000 (D.D.C.1976). This court finds such holding appropriate under such circumstances.

■ Accordingly, defendants' motion for summary judgment is DENIED. Failure to file notice as required by the Indiana Tort Claims Act cannot bar an action under 42 U.S.C. § 1983. SO ORDERED.