## DISTRICT OF COLUMBIA v. LEYS (two cases).
### No. 5536.

Court of Appeals of District of Columbia.
Argued June 2, 1932.
Decided June 27, 1932.

On Rehearing Jan. 23, 1933.

William W. Bride, Vernon E. West, and Thomas F. Cameron, all of Washington, D. C., for appellant.

Alvin L. Newmyer, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

HITZ, Associate Justice.

These two appeals are taken by the District of Columbia, a municipal corporation, defendant below, from judgments on verdicts for the appellees, who were plaintiffs below.

The actions were brought by a husband and wife for damages because of personal injuries sustained by the plaintiff wife through a fall on a sidewalk in the city of Washington alleged to have been negligently maintained by the District of Columbia.

The two plaintiffs testified that at about 6:30 p. m. on January 17, 1926, they alighted from a street car at First and B streets Southeast, intending to walk to a restaurant at 109 B street.

They walked in an easterly direction on the south sidewalk of B street, and when they were in front of house No. 107, and about to reach No. 109, the plaintiff wife fell to the sidewalk, sustaining injuries to her mouth and teeth, her right hand, knee, and ankle; the injury to the hand being apparently the most serious and permanent.

She testified that the fall was caused by a depression or hole in the brick portion of the sidewalk, which was paved partly with brick and partly with cement blocks.

The husband testified that after she fell he ran his hand along where her foot was in the hole and there found a loose brick under her foot. He carried her to a doctor a few

doors to the east in the same block, who gave her first aid and treated her for several days, after which she went to New York.

For a long period thereafter she was treated from time to time by two other physicians, principally for the injury to her hand, which seems to have caused much pain and inconvenience, at least up to the time of trial, and with prospects of continuance.

The husband testified that he had accompanied his wife when she went to her doctors, and had incurred doctors' bills in New York and vicinity aggregating $750.

The doctor who treated the wife in Washington testified as to her injuries; that his office was near the scene of the accident; that he had been familiar with the sidewalk there for many years; that half of the sidewalk was brick and the other half cement blocks, the brick portion being next to the building line, that the bricks were many years old, and that on the day after the accident he went there and saw that the walk was very uneven; some of the bricks being cracked in two, and some greatly worn by traffic.

The defendant's witnesses, who were policemen on duty in the neighborhood and business men thereabouts, testified that they were familiar with the condition of the pavement at the time of the accident, and that it was not bad.

The jury returned verdicts of $7,500 for the wife, and $200 for the husband.

The first of the five errors assigned is to the action of the court in permitting the plaintiffs to further amend their declaration by changing the allegation of the location of the hole in the sidewalk.

The earlier declarations placed the hole in front of house No. 109 B street, while the amendment placed it next door in front of No. 107.

But amendments that do not state a new cause of action are largely within the discretion of the trial court, and the causes of action stated in these declarations were clearly the same, though the point where they arose is differently described by a few feet in the amendments. We find no error here. Howard v. C. & O. Railway Co., 11 App. D. C. 336; Magruder v. Belt, 7 App. D. C. 312; Wright v. Hollingsworth, 1 Pet. 165, 168, 7 L. Ed. 96; Chapman v. Barney, 129 U. S. 677, 9 S. Ct. 426, 32 L. Ed. 800; Lincoln v. Virginia Portland Cement Co., 49 App. D. C. 33, 258 F. 505.

The second assignment is that the court erred by admitting in evidence certain bills for medical services rendered to the husband, but unpaid at the time of the trial; while the third assignment asserts error in permitting the husband to testify regarding those services and the charges therefor.

But the husband accompanied his wife upon her visits to her physicians and testified what they had charged him for their ministrations to her, and the bills were cumulative evidence for whatever they might be worth, if anything. The extent to which cumulative testimony shall be admitted rests in the sound discretion of the trial judge. Trometer v. D. C., 24 App. D. C. 247. Calvert v. Carter, 18 Md. 73. The jury was properly charged on the measure of damages, and, since their verdict for the husband was little more than one-fourth of the amount charged by the doctors, it is evident that if any prejudice resulted from this evidence it was not against the defendant.

The fourth assignment of error was based on the statute of limitations and contended that, as the amended declaration was filed more than three years after the accident occurred, the court should have granted the defendant's motion for verdicts at the conclusion of the plaintiffs' cases; but the exception to the denial of this motion was waived by the defendants in going forward and taking their testimony.

The fifth assignment is that the court erred in refusing to direct the verdict at the close of the entire case, on the ground of the statute of limitations and other grounds apparently urged in the argument.

But it is settled that an amended declaration which does not state a new cause of action is a continuation of the original declaration and dates back to the filing thereof, so far as limitations are concerned. Texas & Pacific R. R. Co. v. Cox, 145 U. S. 593, 12 S. Ct. 905, 36 L. Ed. 829; D. C. v. Frazer, 21 App. D. C. 158; Howard v. C. & O. Railway Co., 11 App. D. C. 300, 336.

And touching any other claim under the fifth assignment that the court should have directed a verdict, we find considerable evidence as to when, where, how, and how much the plaintiff was injured and the husband indebted, while there was no little showing of a bad condition of the sidewalk, though this was denied by defendant's witnesses. If its condition was bad enough to render the District liable, it had existed long enough for constructive notice to be found by the jury, for even the defendant's witnesses testified

that no repairs had been made on the brick portion of this sidewalk for many years.

All this testimony presented questions properly for decision by the jury, wherefore we affirm the judgment based upon their verdict in the wife's case numbered 5536.

Affirmed.

On Rehearing.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

Upon a rehearing of this case we have again considered the record and arguments, and have again reached the conclusion that on the record as it stands the judgment appealed from must be affirmed.

The contradictory evidence offered and received required a submission of the cause to the jury, upon which the jury found its verdict for the plaintiff, and there is sufficient evidence to support it, if believed. But our consideration of this cause indicates that the District of Columbia was hampered in its defense by the lapse of time between the injury and the suit, during which no claim was made or notice given of the alleged injury.

This course, whether inadvertent or designed, was open to the claimant in the present state of the law, which leads us to suggest again, as we did at the hearing, a change in the statute of limitations applicable to such cases, or the enactment of a requirement that one alleging himself to be injured as a result of a defective highway or sidewalk must make a sworn complaint thereabout to the District government within some short but reasonable period, in default of which any legal action thereupon shall be barred.

Such a requirement would not only enable the District of Columbia to deal with the complaint and prepare its defense while the matter is fresh and evidence available, but also to safeguard other persons from possible injury by remedying the defective conditions, if any were found to exist.

Provisions of this character appear to be included in a bill recently introduced into the House of Representatives by Mrs. Norton, and are to be found in city charters in Virginia and elsewhere.

The judgment will stand affirmed.

Affirmed.