**MILLER et al. v. BOARD OF EDUCATION OF DISTRICT OF COLUMBIA et al.**

Civ. No. 515–52.

United States District Court
District of Columbia.

July 3, 1952.

---

1. Emphasis supplied.

PINE, District Judge.

Plaintiffs are Negro residents of the District of Columbia, of school age. They are deaf. Defendants are the Board of Education, its members, the Superintendent of Schools, the Board of Commissioners of the District and its members (hereinafter referred to as District defendants); the Federal Security Administrator; the Board of Directors of the Columbia Institution for the Deaf and its directors (hereinafter referred to as Columbia Institution defendants).

The Columbia Institution for the Deaf operates a school for the education of deaf children in the District. Plaintiffs claim that they have requested the Columbia Institution defendants to admit them to their school; that they have requested the District defendants to provide education for the plaintiffs in a school within the District of Columbia; and that they have requested the defendant Federal Security Administrator to admit them to the Columbia Institution, but all have refused their respective requests.

They pray for injunctive relief to compel defendants to educate them and others similarly situated within the District of Columbia and at the Columbia Institution for the Deaf.

Columbia Institution defendants have moved to dismiss on the ground that the complaint fails to state a claim against them upon which relief can be granted, or in the alternative to grant summary judgment on the ground that there is no genuine issue as to any material fact. District defendants have filed a similar motion. Defendant Federal Security Administrator has answered, and no motion is before me for decision on his behalf.

I shall consider the case against the moving defendants from the standpoint of motions for summary judgment.

At the outset it should be stated that the Board of Education and the Board of Commissioners, as such, are not entities and therefore are not subject to suit, and the motion should be granted as to them on that ground without further consideration.

John D. Fauntleroy, and Cobb, Howard & Hayes, Washington, D. C., for plaintiffs.

Vernon E. West, Corporation Counsel, D. C., and Milton D. Korman, Asst. Corp. Counsel, D. C., Washington, D. C., for District defendants.

Roger Robb, Washington, D. C., for Columbia Institution defendants.

Their respective members are, however, properly sued.

The free education of nonindigent deaf children in the District of Columbia has a legislative history extending over the past 50 years.

In the appropriation Act for the year 1902, Act of March 1, 1901, 31 Stat. 844, Congress appropriated moneys for expenses attending the instruction of deaf and dumb persons admitted to the Columbia Institution for the Deaf and Dumb, and provided that thereafter "all deaf mutes of teachable age * * * properly belonging to the District of Columbia shall be received and instructed in said institution, their admission thereto being subject to the approval of the superintendent of public schools * * *." It was further provided therein that "said institution shall not be regarded nor classified as an institution of charity." This Act is the basis for Sec. 31–1008, D.C. Code 1940.

The appropriation Act of March 3, 1905, 33 Stat. 901, provided that the Directors of the Columbia Institution were authorized to provide for the education of colored deaf-mute children properly belonging to the District of Columbia, in the Maryland School for Colored Deaf-Mutes, or some other suitable school.[1]

The appropriation Act of May 26, 1908, 35 Stat. 295, and Acts subsequent thereto make no mention of the directors of the Columbia Institution, and after appropriating for the education of deaf-mutes taught at that Institution under contract between it and the Commissioners, provide for the maintenance and tuition of colored deaf-mutes in this Maryland School as authorized by the Act of 1905, under contract to be entered into by the Commissioners. Similar language is found in the appropriation acts through the fiscal year 1914.

The appropriation Act for the year 1915, 38 Stat. 537, omits reference to the Act of 1905, and after making appropriation for education of deaf-mutes at the Columbia Institution, makes a further appropriation for the maintenance and tuition of colored deaf-mutes in Maryland or some other State. This language remained in the appropriation acts through the fiscal year 1919.

Beginning with the appropriation Act for the year 1920, 41 Stat. 86, a proviso was added that all expenditures under this appropriation should be under the supervision of the Board of Education. This proviso is found in the appropriation Acts through the fiscal year 1943.

In that year, 57 Stat. 323, another change is found which continues in all appropriation acts through the fiscal year 1951. The headings, "Columbia Institution for the Deaf," or "The Deaf, Dumb, and Blind," found in earlier appropriation acts under "Public Schools," are dropped, and instead, there is found under the general heading "Public Schools" a subhead, "Operating Expenses," which provides for the maintenance and instruction of deaf and dumb persons admitted to the Columbia Institution and for the maintenance and instruction of colored deaf-mutes of teachable age in Maryland or some other State by contract entered into by the Commissioners, and appropriates money to be expended under the supervision of the Board of Education.

A further change occurred in the appropriation Act for the fiscal year 1952, Act of August 3, 1951, wherein the language was further shortened so that the minor subheads found under "Public Schools" in the prior appropriation Acts were eliminated, and in their stead is found one long paragraph under "Public Schools" entitled "Operating Expenses," which provides, among other things, money for expenses for the maintenance and instruction of the deaf, dumb, and blind children of the District of Columbia by contract entered into by the Commissioners upon the

---

1. This Act is the basis for Sec. 31–1011, D.C. Code 1940, which provides that the directors of the Columbia Institution are authorized to provide for the education of these children in the Maryland School for Colored Deaf-Mutes. The Code, which is only prima facie evidence of the law, is in error in this respect, in view of later legislation referred to in that part of this opinion which follows.

recommendation of the Board of Education.

There is no indication in the Congressional reports or debates, either at the time of the language changes in 1943 or at the time of the latest change of 1951, that Congress intended to alter in any manner the basic provision of the Act of March 3, 1905, and carried on with minor changes since, that there should be a separation of races in the education of deaf children of the District.

■ Turning now to the motion of the Columbia Institution defendants: That institution is a private corporation, incorporated under an Act of Congress approved February 16, 1857, 11 Stat. 161, as amended. Under the Act of incorporation, it is managed by a Board of Directors. It has the right to contract, to sue and to be sued. It is not a part of the public school system. Its status is like that of Howard University, which has been held to be a private institution. Maiatico Construction Co. v. United States to Use of Phelps, 65 App.D.C. 62, 79 F.2d 418, certiorari denied, 296 U.S. 649, 56 S.Ct. 309, 80 L.Ed. 462.

As above stated, the Act of March 1, 1901, supra, provides that all deaf-mutes of teachable age shall be received and instructed in the Columbia Institution, their admission being subject to the approval of the Superintendent of Schools, and the appropriation Act for 1952 provides funds for the maintenance and instruction of deaf children by contract entered into by the Commissioners upon recommendation of the Board of Education.

■ Therefore, the only obligation of the Columbia Institution to educate deaf children is to educate those who are approved by the Superintendent of Schools and whose education is made the subject of a contract between the Institution and the Commissioners. The Institution has accepted all children so approved. The plaintiffs have not been approved by the Superintendent of Schools, nor has the Columbia Institution been requested by the Commissioners to contract for their education.

There being no breach of duty or obligation owing plaintiffs by Columbia Institution defendants, there is no legal basis for this action as against them, and they are entitled to summary judgment.

■ I shall now take up the motion of the District defendants. It is apparent from the foregoing legislative review that, since the Act of March 3, 1905, supra, Congress has provided, and intended to provide, for the instruction of deaf children on a segregated basis. This is in conformity with the operation of the public school system. Accordingly, for many years the white deaf children have been sent to the Columbia Institution for the Deaf, in Washington, D. C., and the colored deaf children have been sent to the Maryland School.

■ The constitutional validity of the separation of races in the public schools of the District has been upheld in Carr v. Corning, etc., 86 U.S.App.D.C. 173, 182 F.2d 14, the opinion in that case being predicated on the "separate but equal" doctrine. But in the instant case the white children are educated within the District of Columbia, and the colored children are educated in Maryland; and since the decision of the Supreme Court in Missouri ex rel. Gaines v. Canada, 1938, 305 U.S. 337, 59 S.Ct. 232, 83 L.Ed. 208, it has been settled that a State may not provide educational facilities within its boundary for one race and send the other outside the State to receive the same course of instruction.

■ I cannot agree with the District defendants that there is a distinction in this connection between providing educational facilities in institutions operated by the District and providing them by contract with institutions operated by others. As I see it, the practice involved in this case offends against the Gaines decision; and therefore, to maintain the legality of the separation of the races, it is the duty of the District to provide equal educational facilities within the District for deaf children of both races, if it provides for any therein. How this is to be done is not a matter for me to decide, but the difficulties do not seem to be in-

surmountable, for the record herein discloses that the President of the Columbia Institution has advised the Superintendent of Schools that provision will be made for the education of colored deaf children in segregated classes in its school, and the Board of Education has agreed to recommend the making of a contract for the Columbia Institution to so educate colored deaf children of the District commencing in September of 1952.

The motion of District defendants for summary judgment should therefore be denied.

There is no basis for granting the prayer for convening a three-judge court, and the same is denied.

Counsel will submit appropriate orders.