**Charles B. McDONALD, Appellant,**

v.

**The GOVERNMENT OF THE DISTRICT OF COLUMBIA, Appellee.**

**No. 12285.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 21, 1955.

Decided Feb. 10, 1955.

Petition for Rehearing Denied March 11, 1955.

Bastian, Circuit Judge, dissented.

Mr. Wesley E. McDonald, Washington, D. C., with whom Mr. B. Austin Newton, Jr., Washington, D. C., was on the brief, for appellant.

Mr. Harry L. Walker, Asst. Corporation Counsel for the District of Columbia, with whom Mr. Vernon E. West, Corporation Counsel, Mr. Chester H. Gray, Principal Asst. Corporation Counsel, and Mr. Ralph D. Quinter, Jr., Asst. Corporation Counsel, were on the brief, for appellee. Mr. Milton D. Korman, Asst. Corporation Counsel, also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN and BASTIAN, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant McDonald and his wife sued the District of Columbia for an alleged accident caused by a defect in the streets.

They served a written notice on the Commissioners of the District, stating that the accident occurred on May 14, 1953, in front of 2024—14th Street, N. W., the defect being on the side of the residence which fronted on V Street, N. W. Later they wrote a second letter, addressed to the Inspector of Claims, D. C., saying they had been in error in reporting the fall as having occurred May 14th; that it actually occurred on May 3rd. Both of those letters were dispatched within six months of May 3rd. Also within that six-month period the McDonalds advised an Assistant Corporation Counsel orally that the place of the accident was 2024 Fourteenth Street, Southeast, on the side of the residence which abuts V Street, Southeast. Fourteenth and V Streets, Northwest, is a number of miles, perhaps five, from Fourteenth and V Streets, Southeast, in the District of Columbia.

A District statute provides:

"No action shall be maintained against the District of Columbia for unliquidated damages to person or property unless the claimant within six months after the injury or damage was sustained, he, his agent, or attorney gave notice in writing to the commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of such injury or damage: *Provided, however,* That a report in writing by the Metropolitan police department, in regular course of duty, shall be regarded as a sufficient notice under the above provision." [1]

■■ Neither the McDonalds, their agents, nor their attorney gave notice in writing to the Commissioners of the District of Columbia of the place of the injury within six months after the injury. The District Court held the action could not be maintained and therefore dismissed it.

Appellant argues that the court must give effect to the spirit and intent of the statute, which, he says, were to insure merely that the District has notice of an injury within six months of its alleged occurrence. But, where a statute is clear and unambiguous and is specific in the details of its requirements as to the maintenance of an action against the Government, the courts are not at liberty to construe the statute other than according to its terms, or to depart from its clear requirements.

The order of the District Court is

Affirmed.

BASTIAN, Circuit Judge (dissenting).

Appellant, Charles B. McDonald, alleges that he was injured on May 3, 1953, under circumstances which he claims make the District of Columbia liable.

Pursuant to Title 12, Section 208, of the D.C.Code 1951, quoted in the majority opinion, appellant's attorney addressed a letter, dated September 21, 1953, to the Commissioners of the District of Columbia, making claim. This letter, of course, was well within the period of six months referred to in the statute. The letter contained two errors: (1) the correct location of the accident was not given, "Northwest" being used instead of "Southeast", and (2) the correct date of the accident was not given.

By letter dated September 24, 1953, the Commissioners of the District of Columbia acknowledged appellant's letter and stated that the "letter has been referred to the Corporation Counsel for consideration". Within a few days after counsel for appellant received the letter of September 24, 1953, a representative from the investigating section of the office of the Corporation Counsel contacted counsel for appellant at his office to discuss the matter, and at that time that representative advised that he believed that the wrong section of the city had been given in the letter of September 21.

Thereafter, and still within the statutory six months period, the Corporation Counsel's office was verbally informed, by appellant's counsel, of the correct location of the accident; and, upon this verbal report being made, counsel for

1. D.C.Code § 12–208 (1951), 47 Stat. 1370 (1933).

appellant was advised "that his call was appreciated, but that the Office of the Corporation Counsel had already, from their own investigation, learned the location of the accident."

On October 14, 1953, well within the six months period, the date of the accident was corrected by letter to the "Inspector of Claims, D. C., Office of the Corporation Counsel".

That all of this was done within the six months period is not disputed. In fact, at the hearing of the motion for summary judgment, the Assistant Corporation Counsel, with commendable frankness, stated:

"Your Honor, we were not deceived by it in the end. We knew before the statutory period ran where it was. I want to be perfectly fair about that with you."

Under these circumstances, I think both the letter and the spirit of the statute were complied with.[1] The notice required was given and corrections of error were made, all within the statutory period. Other than the totally unnecessary writing of two correcting letters, addressed specifically to the Commissioners—something which would not in any way affect any of the rights of the District of Columbia, and which letters undoubtedly would have been handled in precisely the same way as was the first letter (i.e., referred to the Corporation Counsel, to whose office the second letter was written and to whom the verbal correction was made)—there was nothing further that appellant could have done to put the District of Columbia on notice within the statutory period.

I am familiar with the strict and, to my mind, harsh rule applied by certain other courts; but I would prefer to follow a ruling that to my mind carries out both the letter and the spirit of the statute in question. Any other construction would result in injustice in this case. I would reverse.

---

1. The statute in question was an outgrowth of the case of District of Columbia v. Leys, 62 App.D.C. 3, 63 F.2d 646. In the Leys case this court held that allowing the plaintiff to amend his complaint at the trial, to show that the accident occurred at a different place from that alleged in the declaration, was not error, but the court commented on the unfairness of that practice and suggested legislation to remedy it. The House Report recommending passage of the statute (House Report 2010, 72nd Congress, 2nd Session) indicated that it was for the purpose of protecting the District of Columbia against unreasonable claims and to assist it in the defense of the public interest where claims are made within the three year statute of limitations but so long after the event that it is impossible for the District of Columbia to obtain evidence for use in litigation which may result. The report continues: "It is not intended to reduce the period within which suit may be filed, but the purpose of the bill is to give the District officials reasonable notice of the accident so that the facts may be ascertained and, if possible, the claim adjusted." (Emphasis supplied.)

This provision is in no sense a statute of limitations. That this is so is further buttressed by the provision that "a report in writing by the Metropolitan Police Department, in regular course of duty, shall be regarded as a sufficient notice."