**Arthur BOONE, Plaintiff,**

v.

**DISTRICT OF COLUMBIA, Defendant.**

**Civ. A. No. 290-67.**

United States District Court
District of Columbia.

Sept. 25, 1968.

Ashcraft & Gerel, Leonard J. Ralston, Jr., William E. O'Neill, Jr., Washington, D. C., for plaintiff.

Charles T. Duncan, Corp. Counsel for the District of Columbia, John A. Earnest, Matthew J. Mullaney, Jr., Lyman Amstead, Asst. Corp. Counsel, Washington, D. C., for defendant.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is a review of a decision of the Assistant Pre-Trial Examiner denying the oral motion of counsel to join the cause of action of Florence Boone, wife of Plaintiff Arthur Boone, for loss of consortium, with the cause of action of

Arthur Boone for personal injuries. This motion was denied on the grounds that Florence Boone had failed to comply with Section 12–309 of the District of Columbia Code, which requires that giving a notice of claim is a prerequisite to the maintenance of an action against the District of Columbia. Specifically, the statute provides:

An action may not be maintained against the District of Columbia for unliquidated damages to person of [sic] property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Board of Commissioners of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage. * *

Thus, the statute requires that the District of Columbia be given written notice of five distinct matters: (1) the identity of the claimant; (2) the approximate time of the injury; (3) the approximate place of the injury; (4) the approximate cause of the injury; and (5) the approximate circumstances of the injury. Notice of all five must be given within six months from the date of the injury or damage.

■ The statute is in derogation of the common law and thus must be strictly construed. McDonald v. Government of District of Columbia, 95 U.S.App.D.C. 305, 221 F.2d 860 (1955); District of Columbia v. World Fire & Marine Insurance Co., 68 A.2d 222 (D.C.Mun.App. 1949). Where, as here, a statute is clear and unambiguous and "is specific in the details of its requirements as to the maintenance of an action against the Government, the courts are not at liberty to construe the statute other than according to its terms, or to depart from its clear requirements." McDonald v. Government of District of Columbia, supra 95 U.S.App.D.C. at 306, 221 F.2d at 861. It follows that the notice is fatally defective if one or more of the statutory elements is lacking. Further support for this position is found in the

purpose of the statute, which is to "give the District officials reasonable notice of the accident so that the facts may be ascertained and, if possible, the claim adjusted." McDonald v. Government of District of Columbia, supra at 307 n. 1, 221 F.2d at 862 n. 1.

■ In the present case, two of the five specific statutory elements are missing from the notice of claim given to the District of Columbia. First, the notice failed to apprise the District of the identity of the claimant, namely Florence Boone, wife of Plaintiff Arthur Boone. Secondly, the notice did not advise the District of the circumstances of the injury, namely loss of consortium. As a result, the notice was fatally defective as to Florence Boone, and she cannot now be added as a party plaintiff. Therefore, it is this 25th day of September, 1968,

Ordered that Plaintiff's Objection to the Order of the Pre-Trial Examiner be and is hereby overruled, and it is

Further ordered that Plaintiff's Motion to Amend the Complaint to add Florence Boone as a party plaintiff be and is hereby denied.