Grace BRAXTON, Appellant,

v.

NATIONAL CAPITAL HOUSING AUTHORITY of the District of Columbia et al., Appellees.

No. 13418.

District of Columbia Court of Appeals.

Submitted Nov. 16, 1978.

Decided Dec. 19, 1978.

Ford E. Young, Jr., Washington, D. C., for appellant.

Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, and Edward E. Schwab, Asst. Corp. Counsel, Washington, D. C., for appellees.

Before KERN, GALLAGHER and FERREN, Associate Judges.

PER CURIAM:

Appellant brought this tort action in the Superior Court claiming that appellees' negligence was the cause of a burglary of her apartment resulting in the loss of various items of personal property. The court dismissed the action, and from that order comes this appeal. We affirm.

I

On January 13, 1975, thieves broke into appellant's apartment, taking items which appellant valued at $2,000, but which the police valued at $150.00. The apartment is operated by appellee National Capital Housing Authority (NCHA). A police report made on January 13 states that the burglars gained entry by prying open a rear door lock.

On March 16, 1975, appellant's attorney sent a letter to the NCHA in which he stated that the appellant "contends that negligence on the part of your employees caused her to sustain the losses of" the property designated in the complaint. The letter suggested a meeting between the parties to settle the claim, but revealed no information as to the time, place or circumstances of the alleged negligence on the part of NCHA and her consequent loss.

On July 19, 1976, appellant filed this suit, claiming that NCHA's employees allowed the thieves to steal a skeleton key which was under their control, thus gaining entry to appellant's apartment. Appellant named as defendants both the NCHA and the District of Columbia. On appellees' motion, the trial court dismissed the complaint finding that NCHA was not *sui juris* and therefore not properly a party to the suit, and that the District of Columbia did not receive prior notice of the suit as required by D.C.Code 1973, § 12–309, either through the letter sent to the NCHA or through the routine police reports about the burglary. Appellant contends both conclusions are in error.

II

An entity formed by Congress may not be sued unless Congress so authorizes explicitly (or impliedly if the entity derived its existence from a suable entity). *Blackmar v. Guerre*, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952). A noncorporate department or other body within a municipal corporation is not *sui juris*. *See* 3 McQuillin Municipal Corporations § 12.40 (3d ed. 1973). Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities. *Roberson v. District of Columbia Board of Higher Edu-*

*cation,* D.C.App., 359 A.2d 28, 31 n. 4 (1976) (Bd. of Higher Education not a suable entity) (dictum); *Miller v. Spencer,* D.C.App., 330 A.2d 250, 251 n. 1 (1974) (Dept. of Sanitation); *Miller v. Board of Education of District of Columbia,* 106 F.Supp. 988 (D.D.C.1952).

■ D.C.Code 1973, § 5–103a(a) (Supp. V 1978) establishes the NCHA as an agency of the District government. Section 5–103a(b) vests the functions, powers and duties of its operation in the Mayor. Neither of these statutory sections establishes, explicitly or implicitly, NCHA as *sui juris.* Appellant's contention that NCHA is in fact a large real estate operation is immaterial; the only proper consideration here is whether Congress established NCHA as *sui juris,* which it clearly did not.

An example of Congress' intent to create a suable entity may be found in D.C.Code 1973, § 5–703(b) which gives the District of Columbia Redevelopment Agency the power, *inter alia,* to sue and be sued. Here, however, no such intent is evident. Therefore, the trial court was not in error in dismissing the complaint as to NCHA.

### III

D.C.Code 1973, § 12–309, states that:

An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Commissioner of the District of Columbia [the Mayor] of the approximate time, place, cause and circumstances of the injury or damage. A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

■ The purpose of § 12–309 is to give District of Columbia officials sufficient notice of a claim so as to enable them to gather all pertinent facts and, if possible, adjust the claim, as well as to protect the District from unreasonable claims. *Pitts v. District of Columbia,* D.C.App., 391 A.2d 803 (1978); *Boone v. District of Columbia,* 294 F.Supp. 1156 (D.D.C.1968). Appellant argues that either her letter to NCHA subsequent to the burglary or the police reports about the burglary satisfied this notice requirement.

■ An examination of the letter in question reveals that it completely failed to specify the time, place, cause and circumstances of her claim. While this court has not required "precise exactness" in the notice statement, *Pitts v. District of Columbia, supra* at 807; *Hurd v. District of Columbia,* D.C.Mun.App., 106 A.2d 702 (1954), the requirements of the statute are nevertheless to be strictly construed. *Boone v. District of Columbia, supra.* The letter is wholly lacking in the prescribed information. In addition, the letter was not sent to the proper authority, the Mayor, as the section requires. *Hill v. District of Columbia,* D.C.App., 345 A.2d 867 (1975); *McDonald v. Government of the District of Columbia,* 95 U.S.App.D.C. 305, 221 F.2d 860 (1955).

■ Section 12–309 states that police reports made in regular course of duty are sufficient to give the D.C. government notice of a claim. However, these reports must still meet the criteria established by § 12–309. *Pitts v. District of Columbia, supra; Jenkins v. District of Columbia,* D.C. App., 379 A.2d 1177 (1977); *Miller v. Spencer, supra.* While the police reports of January 13 and 14 contain the name of appellant and the approximate time and place of the burglary, they do not state such cause and circumstances as would give the District of Columbia notice of a forthcoming claim that careless handling of a master key on the part of NCHA enabled the burglary to take place. The report of January 13 states that the apartment had been "entered by prying open rear lock on door." There is no indication that a skeleton key possessed by

NCHA employees was the mode of entry. The follow-up report of January 14 states that the complainant (appellant) had nothing further to add to the information already given. Taken together, these reports yield no facts from which the District could reasonably conclude that there was a claim against it for negligent action on the part of NCHA.[1]

For these reasons, the judgment of the trial court dismissing the action is

*Affirmed.*

---

1. Appellant states on appeal that the police reports were inaccurate and that appellant in fact told the police that her door was opened by a skeleton key. This argument is not persuasive because it fails to recognize that the reports are substitutes for actual notice given, and where such facts that would give notice are not contained *in the report*, § 12–309 is not satisfied. *See Brown v. District of Columbia*, D.C.App., 304 A.2d 292 (1973) (police report of appellant's arrest for unlawful entry and carrying a dangerous weapon not sufficient notice of subsequent action for false arrest and false imprisonment).