**George W. HINTON, Plaintiff,**

v.

**METROPOLITAN POLICE DEPARTMENT, FIFTH DISTRICT, Defendant.**

Civ. A. No. 89–2784.

United States District Court, District of Columbia.

Dec. 19, 1989.

George W. Hinton, Tulsa, Okl., pro se.

Nancy R. Byrd, Asst. Corp. Counsel, Washington, D.C., for defendant.

## ORDER

REVERCOMB, District Judge.

This matter is before the Court pursuant to Defendant's motion to dismiss.

Plaintiff has filed this complaint against the Defendant Metropolitan Police Department, Fifth District, alleging, *inter alia,* that employees of the Defendant falsely arrested him and took him to the District of Columbia General Hospital Emergency Room where a drug was intravenously administered to him without his consent.

It is beyond peradventure that a "noncorporate department or other body within a municipal corporation is not sui juris." *Braxton v. National Capital Housing Authority,* 396 A.2d 215, 216–17 (D.C.1978) (citing 3 MCQUILLAN MUNICIPAL CORPORATIONS § 12.40 (3d ed.1973)). The duties and powers of the Metropolitan Police are set forth in D.C.Code § 4–101 et seq. and there is no provision for it to sue or be sued. *Cf.* D.C.Code § 5–803(b) (providing the District of Columbia Redevelopment Agency with the power, *inter alia,* to sue and be sued). Decisions from the District of Columbia Court of Appeals have consistently held that, in the absence of a statutory provision providing otherwise, bodies within the District of Columbia government are not suable as separate entities. *See, e.g., Ray v. District of Columbia,* 535 A.2d 868, 870 n. 2 (D.C.1987) (Fire Department, Board of Police and Fire Surgeons, and Police and Fire Clinic); *Turner v. District of Columbia,* 532 A.2d 662, 675 (D.C.1987) (Department of Human Services); *Roberson v. District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n. 4 (D.C.1976) (Board of Higher Education); *Miller v. Spencer,* 330 A.2d 250, 251 n. 1 (D.C.1974) (Department of Sanitation). Accordingly, the Metropolitan Police Department, Fifth District, is not a proper party to this action and Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

It is hereby

ORDERED that Defendant's motion to dismiss be, and the same hereby is, GRANTED; and it is further

ORDERED that Plaintiff's complaint be, and the same hereby is, DISMISSED.