Morris J. WARREN, Plaintiff,

v.

Douglas STEMPSON, et al., Defendants.

Civ. A. No. CA 90–118 SSH.

United States District Court,
District of Columbia.

Sept. 18, 1992.

Morris J. Warren, pro se.

Kenneth Marty, Asst. Corp. Counsel, D.C., Correctional Litigation Section, Washington, D.C., for defendants.

## MEMORANDUM ORDER

STANLEY S. HARRIS, District Judge.

Before the Court are defendant District of Columbia's motion to dismiss and plaintiff's response. Upon consideration of the entire record, the Court grants defendant's motion and dismisses plaintiff's case.

■ On January 18, 1990, plaintiff filed suit under 42 U.S.C. § 1983 against the District of Columbia, the District of Columbia Department of Corrections, and several correctional officers.[1] On February 26,

1. As the Court noted in its Order of March 13, 1992, the Department of Corrections is not subject to suit. *See Braxton v. National Capital Housing Authority*, 396 A.2d 215, 216 (D.C.1978). Thus, the claim against the Department of Corrections is dismissed.

1990, plaintiff amended his complaint.[2] The complaint alleges that "DEFENDANTS IS [sic] AND HAS [sic] AND WILL CONTINUE TO VIOLATE, DISREGARD AND WILLFULLY AND RECKLESSLY NEGLECT IT'S [sic] OWN RULES, REGULATIONS, POLICIES, DEPARTMENTAL ORDERS AND THE LAW WITHOUT THE PENETRABLE JURISDICTION OF THIS UNITED STATES DISTRICT COURT." Complaint at 5. Plaintiff's complaint stems from his placement in adjustment segregation in November and December of 1989. The complaint also alleges that "THE ADJUSTMENT SEGREGATION CONTROL CELLS UNIT, CELL BLOCK THREE (3) IS PLAGUED WITH RATS, MICE, ROACHES, SPIDERS, FLYING BUGS AND INSECTS, BIRDS, LICE AND THE SHOWER WATER IS MOST TIMES COLD."[3] Complaint at 6.

### Facts

According to the complaint, plaintiff was placed in adjustment segregation on November 17, 1989, after a correctional officer "observed a[n] alcoholic beverage" in plaintiff's cell during a "shakedown" of his cell block. On November 20, 1989, the adjustment board held a hearing and, after hearing testimony from plaintiff, who claimed the discovered beverage was only fruit juice, found plaintiff guilty, and recommended that plaintiff be kept in segregation for fourteen days. Plaintiff appealed the Board's decision to defendant Douglas Stempson, who denied the appeal on November 28, 1929.[4]

### Discussion

First, as to plaintiff's allegations that defendants do not follow their own procedures, this does not present a federal question. *See Crosby–Bey v. District of Columbia*, 786 F.2d 1182, 1186 (D.C.Cir. 1986) ("Lorton's violation of its own regulations does not, in and of itself, violate federal law.") "[T]hese 'distinctively local controversies' are more properly raised in the District of Columbia courts." *Id.* (citing *Palmore v. United States*, 411 U.S. 389, 409, 93 S.Ct. 1670, 1682, 36 L.Ed.2d 342 (1973)). Accordingly, the Court dismisses this claim pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.[5] Fed.R.Civ.P. 12(b)(1).

**2.** The Court, as did the District of Columbia, addresses plaintiff's amended complaint and refers to it as the complaint.

**3.** In addition, plaintiff claims that:
PLAINTIFF AWAKENED DECEMBER 2, 1989 TO FIND HIS RIGHT ANKLE BLEEDING FROM A SMALL GASH. FROM THAT DATE PLAINTIFF HAS BEEN SUFFERING WITH HEADACHES, THE BOTTOM OF BOTH FEET FLUID SPOTTED, HIS FACE BREAKING OUT WITH ¼ QUARTER SIZE BUMPS THAT RUN PUS AND FLUID, THROAT IS SORE, NERVES ARE GITTERY [sic], EYES DIMMING AT TIMES, CHEST SEEMS CLOGGED WITH FLUID, MAKING BREATHING DIFFICULT, PLAINTIFF'S MIND CAN NOT CONCENTRATE ON THE SIMPLEST OF THOUGHT AND PLAINTIFF'S HEALTH IS POOR AND RETROGRESSING. FORCING PLAINTIFF TO PURSUE CIVIL ACTION AGAINST THE DEFENDANTS.
Complaint at 6.

**4.** In denying the appeal, Stempson wrote:
A review of your appeal and the documents supporting the D.I.C. clearly shows that you have no grounds for appeal. You were in possession of "shoots" [homemade wine] and failed to comply with orders of the officers. Your appeal is denied!!

*See* Appeal Form, attached to plaintiff's complaint.

**5.** To the extent that plaintiff asserts a claim that the procedures he was provided violate his due process rights under the fifth and fourteenth amendments, this claim must also be dismissed. As to the fourteenth amendment claim, the fourteenth amendment applies to the states, but not to the District of Columbia. *See Bolling v. Sharpe*, 347 U.S. 497, 499, 74 S.Ct. 693, 694, 98 L.Ed. 884 (1954). As to any possible claim under the fifth amendment, the Court holds that, assuming but not deciding that the Lorton regulations create a liberty interest triggering due process rights, *see Hewitt v. Helms*, 459 U.S. 460, 465–71, 103 S.Ct. 864, 868–71, 74 L.Ed.2d 675 (1983), plaintiff here was provided with at least the minimum process required by the Constitution. *See id.* 459 U.S. at 473, 103 S.Ct. at 872 ("Petitioners were obligated to engage only in an informal, nonadversary review of the information supporting respondent's administrative confinement, including whatever statement respondent wished to submit, within a reasonable time after confining him to administrative segregation."). According to his own complaint and attachments, plaintiff received written notice of the hearing and an explanation of his rights (which he signed), was present and testi-

Second, as to plaintiff's claim under the eighth amendment, the Court finds that it fails to state a claim for which relief can be granted. In *Rhodes v. Chapman*, the Supreme Court established the judicial framework for determining when prison conditions rise to the level of cruel and unusual punishment under the eighth amendment. *See Rhodes v. Chapman*, 452 U.S. 337, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). In so doing, the Court cautioned that "[i]n assessing claims that conditions of confinement are cruel and unusual, courts must bear in mind that their inquiries 'spring from constitutional requirements and that judicial answers to them must reflect that fact rather than a court's idea of how best to operate a detention facility.'" *Id.* 452 U.S. at 351, 101 S.Ct. at 2401 (quoting *Bell v. Wolfish*, 441 U.S. 520, 539, 99 S.Ct. 1861, 1874, 60 L.Ed.2d 447 (1979)). For the purposes of this motion, the Court assumes the conditions as described by plaintiff exist. While the Court does not condone such conditions and believes that, if they exist, they are substandard, the Court does not believe they rise to the level of cruel and unusual punishment. *See Inmates of Occoquan v. Barry*, 844 F.2d 828, 837 (D.C.Cir.1988) ("It is cruel conditions, defined by reference to community norms, to which the Constitution speaks; neither 'deficient' conditions nor conditions that violate 'professional standards' rise to the lofty heights of constitutional significance."). Therefore, the Court dismisses plaintiff's eighth amendment claim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6).

Accordingly, for the reasons stated above, it hereby is

ORDERED, that defendant's motion is granted. It hereby further is

ORDERED, that plaintiff's case is dismissed.

SO ORDERED.

---

fied at the hearing on November 22, 1989, and was provided with a prompt appeal therefrom. In addition, he received a copy of the investigative report (which plaintiff signed on November 18, 1989) and the disciplinary report prepared by defendants, as well as a copy of the memorandum denying his appeal. Therefore, any claim plaintiff is asserting under the fifth amendment for lack of due process is also dismissed.