**Gerald G. SIMMONS, Appellant,**

v.

**DISTRICT OF COLUMBIA ARMORY BOARD, Appellee.**

No. 94–CV–624.

District of Columbia Court of Appeals.

Submitted March 15, 1995.

Decided April 13, 1995.

---

**1156**

James H. Heller, Washington, DC, was on the brief for appellant.

Carol Ann Petren, Ellen G. Draper, and Charles L. Reischel, Deputy Corp. Counsel, Washington, DC, were on the brief for appellee.

Before SCHWELB and FARRELL, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant sued the District of Columbia Armory Board on July 16, 1993, for damages from injuries he suffered on January 4, 1992, when he slipped and fell on newly painted steps at Robert F. Kennedy Memorial Stadium. Appellant's lawyer had notified the Armory Board of his injury in February 1992. Appellee moved to dismiss for failing to notify the District of Columbia as required by D.C.Code § 12–309 (1989). The trial court agreed and dismissed the complaint. Finding no error, we affirm.

■ D.C.Code § 12–309 requires that, in order to maintain an action against the District for unliquidated damages, the plaintiff must provide written notice of the approximate time, place, cause and circumstances of the injury to the Mayor within six months of the injury or have a police report filed. *Braxton v. National Capital Hous. Auth.,* 396 A.2d 215, 217 (D.C.1978). Appellant in this case had neither filed a police report nor notified the Mayor. Instead, appellant notified the Armory Board.

■ Failure to notify the Mayor within six months of the injury will result in dismissal of the suit unless the entity being sued has been authorized by Congress to be sued. *Id.* at 216–17. "A noncorporate department or other body within a municipal corporation is not *sui juris.*" *Id.* at 216 (citing 3 McQuillin Municipal Corporations § 12.40 (3d ed. 1973)).

> Cases in this jurisdiction have consistently found that bodies within the District of Columbia government are not suable as separate entities. *Roberson v. District of Columbia Board of Higher Education,* D.C.App., 359 A.2d 28, 31 n. 4 (1976) (Bd. of Higher Education not a suable entity) (dictum); *Miller v. Spencer,* D.C.App., 330 A.2d 250, 251 n. 1 (1974) (Dept. of Sanitation); *Miller v. Board of Education of District of Columbia,* 106 F.Supp. 988 (D.D.C.1952).

*Id.* at 216–217 (concluding that Housing Authority cannot be sued); *see also Ray v. District of Columbia,* 535 A.2d 868, 869 n. 2 (D.C.1987) (concluding that the Fire Department, the Board of Police and Fire Surgeons,

 

and the Police and Fire Clinic are not *sui juris* entities).

 D.C.Code §§ 2–301, –344 (1994) establishes the Armory Board and its powers and functions. Among other functions, the Armory Board is authorized to maintain and operate the stadium, D.C.Code § 2–321, to enter into contracts with the District and federal governments,[1] D.C.Code § 2–324(2), to operate concessions, D.C.Code § 2–324(6), to rent or lease the stadium, D.C.Code § 2–324(8), and to carry public-liability insurance, D.C.Code § 2–324(9). With regards to the stadium, the Armory Board is the manager of the facility. However, a review of the statutory provisions reveals no clear intent by Congress to establish the Armory Board as *sui juris*. The Armory Board is not like the Redevelopment Land Agency which Congress explicitly gave the power to sue and be sued. *See* D.C.Code § 5–803(b) (1981) (giving the Agency the power "to sue and be sued"). As with the Housing Authority in *Braxton*, Congress has not authorized the Armory Board to be sued.

Appellant points to instances where the Armory Board has been captioned in litigation. There are several reported cases arising from actions brought against the Board in which the Board apparently never challenged its amenability to suit or raised § 12–309 defenses. *See, e.g., Stewart v. District of Columbia Armory Bd.,* 274 U.S.App.D.C. 324, 863 F.2d 1013 (1988); *Hecht v. Pro Football, Inc.,* 144 U.S.App.D.C. 56, 444 F.2d 931, *cert. denied,* 404 U.S. 1047, 92 S.Ct. 701, 30 L.Ed.2d 736 (1971). In *Stewart,* the court stated that "[t]he Armory Board is an *independent government agency established by Congress* and charged with the responsibility of constructing, maintaining and operating RFK Stadium." *Id.* 274 U.S.App.D.C. at 327

n. 7, 863 F.2d at 1013, 1016 n. 7. (Emphasis added.) The Board moved to dismiss the complaint for failure to state a claim, but never claimed that it was not *sui juris* or that compliance with D.C.Code § 12–309 was required.[2]

Notwithstanding appellant's observations, we conclude there is no escape from the statutory requirement that appellant give timely notice of his injury to the Mayor in order to maintain an action. This was not done. We are likewise unpersuaded by the contention that the statute should be interpreted to allow notice to the agency rather than the Mayor to suffice.

*Affirmed.*

---

1. At first blush, one might suppose that an entity which can enter into contracts with the District government cannot be part of that government. Because the Armory Board has no separate corporate existence, however, such contracts are really agreements between intra-governmental entities.

2. In *District of Columbia Armory Bd. v. Volkert,* 131 U.S.App.D.C. 74, 402 F.2d 215 (1968), the Board and its individual members filed a suit against private parties, claiming negligent conduct. They were the only plaintiffs. No party

challenged the apparent assumption that the Board was a proper party plaintiff. The Office of Corporation Counsel represented the Board and instituted the suit in the name of the Board, not of the District. Simmons contends that "[t]he Armory Board cannot claim or disclaim a juridical personality in particular cases to suit its own convenience and to defend just claims...." His argument is not without common sense appeal but, for the reasons we have stated, it cannot alter the result.