Lawrence **CALDWELL**, Plaintiff,

v.

**DISTRICT OF COLUMBIA,**
et al., Defendants.

**Civ. A. No. 94–2780–LFO.**

United States District Court,
District of Columbia.

Oct. 6, 1995.

8

Lawrence D. Caldwell, Washington, D.C., Pro Se.

Robert H. Stockel, Office of Corporation Counsel, Washington, D.C., for Defendants.

## MEMORANDUM

OBERDORFER, District Judge.

This case concerns Section 1983 claims against the District of Columbia, the D.C. Department of Corrections, and three officers of the Department of Corrections. The Complaint alleges violation of plaintiff's Eighth and Fourteenth Amendment rights for failure to protect plaintiff from his fellow inmates and for failure to provide timely medical care. Defendants have filed a motion to dismiss the complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) or for summary judgment. Plaintiff, who proceeds in the instant action *pro se*, has filed a cross-motion for summary judgment.

### I.

The Complaint alleges that on the evening of September 9, 1994, plaintiff was attacked in his cell at the D.C. Jail at approximately 9:15 by three unknown prisoners "with long, thick, tapered ball point pens. The unidentified assailants stabbed Plaintiff near his eyes, on the head, his back and on his right leg. They alternately stabbed and punched Plaintiff." The attack ended at approximately 9:45 p.m. Complaint at 7.

The Complaint further alleges that officers did not assist plaintiff until thirty minutes after plaintiff had been attacked; although at 10:00 p.m., fifteen minutes after the attack, Officer Branson, while conducting the counting of prisoners, observed plaintiff and did not respond to his pleas for help. Complaint at 7–8. Plaintiff's cell door was opened after he notified an orderly.

The Complaint further alleges that when plaintiff made his way to the guards' station or "bubble," he requested medical attention from defendants, Officers Perrier and Eggleston. Eggleston asked plaintiff how he sustained his injuries. Plaintiff "replied that he fell off his bed." Officers continued to press plaintiff as to the source of his injuries, and plaintiff continued to respond that he fell off his bed. Complaint at 8.

The Complaint further alleges that twenty minutes after plaintiff reached the guards' station, plaintiff was taken to the D.C. Jail Infirmary. Fifteen minutes later, paramedics transported plaintiff to D.C. General Hospital, where he was treated for puncture wounds on the left side of his back, a collapsed left lung, severe damage to his left eye, and puncture wounds on his head on right leg. Complaint at 9.

From these facts, plaintiff claims that the failure of the officers to protect him from his fellow inmates violates his Eighth and Fourteenth Amendment rights; and that the delay in medical treatment on the part of the officers, the Department of Corrections, and the District of Columbia violates his Eighth and Fourteenth Amendment rights.

### II.

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment is "not implicated by the lack of due care of an official causing unintended injury to life, liberty or property." *Davidson v. Cannon,* 474 U.S. 344, 347, 106 S.Ct. 668, 669, 88 L.Ed.2d 677 (1986). Even if the government's failure to act is the proximate cause of a prisoner's injuries, the Supreme Court has required that there be "deliberate indifference" on the government's part: the "guarantee of due process has never been understood to mean that the State must guarantee due care on the part of its officials." *Id.* at 348, 106 S.Ct. at 670.

In *Davidson v. Cannon,* a prisoner filed suit against prison officials under Section 1983 claiming violation of his Eighth and Fourteenth Amendment rights for injuries suffered when they failed to protect him from another inmate. Prior to the attack, plaintiff sent a note reporting the threat to the Assistant Superintendent of the Prison, who, in turn, relayed the note to a Corrections Sergeant. *Id.* at 345, 106 S.Ct. at 668. Despite this notice of a threat to plaintiff's health and safety, plaintiff was attacked.

The Supreme Court held that the prison officials' "lack of due care in this case led to serious injury, but that lack of care simply does not approach the sort of *abusive* government conduct that the Due Process Clause was designed to prevent." *Id.* at 347, 106 S.Ct. at 669 (emphasis added).

In a motion to dismiss under Rule 12(b)(6), the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *Pro se* complaints are held to less stringent standards, but liberal as these standards may be, plaintiff's inferences need not be accepted " 'if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.' " *Henthorn v. Department of Navy*, 29 F.3d 682, 684 (D.C.Cir. 1994) (quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1273 (D.C.Cir. 1994)).

Assuming as true the facts alleged in the Complaint, plaintiff's claims are not cognizable under Section 1983. Plaintiff's recitation of the events of September 9, 1994 simply do not rise to the level of "deliberate indifference" required to merit constitutional relief and defined, by the Supreme Court, as an "abuse" of governmental conduct. *See id.* 474 U.S. at 348, 106 S.Ct. at 670. At best, the Complaint evinces negligence on the part of the officers in executing the D.C. Jail's procedures on the opening and closing of cell doors. If, as in *Davidson,* a failure to act even when notice of possible attack was received does not constitute "deliberate indifference"—Cannon "mistakenly believed that the situation was not particularly serious, and respondent James simply forgot about the note," *id.*—then, *a priori*, negligence in following prison procedures in the opening and closing of cell doors does not.

All of the foregoing requires a conclusion that as to the claim that the individual defendants violated plaintiff's Eighth and Fourteenth Amendment rights in failing to protect him from his fellow inmates, plaintiff fails to state a claim upon which relief may be granted.

### III.

To state a claim for cruel and unusual punishment in the medical context, it is well-established that the plaintiff must allege, at a minimum, "deliberate indifference to serious medical needs." *Wilson v. Seiter,* 501 U.S. 294, 296, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Inadvertent failure to provide adequate medical care or a negligent diagnosis or treatment does not state a valid claim under the Eighth Amendment. *Gamble,* 429 U.S. at 106–07, 97 S.Ct. at 292–93. Rather, the offending conduct, or lack thereof, must be *wanton. See Wilson,* 501 U.S. at 301, 111 S.Ct. at 2326.

"Wanton" is a legal conclusion that the facts of the Complaint simply do not support. As it happens, thirty minutes after plaintiff was attacked, his cell door was opened at his request and plaintiff went to the guards' station. Complaint at 8. Ten minutes later, a Lieutenant Watch Commander examined plaintiff and "correctly identified" that plaintiff had been stabbed with ball point pens although plaintiff was, at this time, claiming only that he "fell off his bed." Complaint at 8. Ten minutes later, plaintiff was taken to the D.C. Jail Infirmary. Complaint at 9. Fifteen minutes after that, paramedics arrived and "transported Plaintiff to D.C. General Hospital on a 'Code Yellow,' and emergency medical designation indicating life threatening truama [sic]." Complaint at 9.

From these facts, it cannot be inferred that fifty minutes between the time of attack to the time of medical attention amounts to "deliberate indifference." Prison officers took steps to ensure that plaintiff received proper medical attention. At most, plaintiff alleges facts that could possibly amount to negligence, but negligence is insufficient. Because plaintiff fails to allege facts that could support a legal conclusion that the officers' conduct was *wanton,* plaintiff fails to state a claim upon which relief may be granted.

### IV.

Sections Two and Three of this Memorandum address only the liability of the individual defendants, Officers Branson, Eggleston, and Perrier. As against the District of Columbia, plaintiff claims that the District failed to train properly its employees and "as a matter of policy maintain an inadequate emergency alarm system." Complaint at 13.

The District of Columbia cannot be sued under a theory of respondeat superior. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694–95, 98 S.Ct. 2018, 2037–38, 56 L.Ed.2d 611 (1978). "Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality—a 'policy' as defined by our prior cases—can a city be liable for such a failure under § 1983." *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1204, 103 L.Ed.2d 412 (1989). Thus, it is not enough that the plaintiff "be able to point to something the city 'could have done' to prevent the unfortunate incident." *Id.* at 392, 109 S.Ct. at 1206. Rather, the plaintiff must show that "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *Id.* at 390, 109 S.Ct. at 1205.

Plaintiff alleges that the District of Columbia "as a matter of policy maintain[s] an inadequate emergency alarm system thereby substantially increasing the response time in reaction to any emergency." Complaint at 13. Plaintiff specifically points to the District's failure "to provide D.C. Jail staff with battery operated 'body alarms' or two-way battery radios which would enable staff to initiate an immediate response to any emergency." Complaint at 13–14.

Even if body alarms and two-way battery radios would increase the D.C. Jail's response time to medical emergencies, the fact remains that only fifty minutes passed between plaintiff's attack and receiving medical care. Unlike in *City of Canton*, 489 U.S. at 381, 109 S.Ct. at 1200, in which the plaintiff received no medical attention at all, here, plaintiff did receive prompt and competent medical care. The Complaint simply does not allege any facts to support a legal conclusion that the emergency policy was inadequate or that the prison officers were inadequately trained, let alone whether the such inadequacies were so "obvious" or were "so likely to result in the violation of constitutional rights, that the policymakers of the

city can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390, 109 S.Ct. at 1205. Prison officers were able to discern the nature of the attack and the extent of plaintiff's injuries and responded appropriately in spite of the fact that plaintiff was telling them only that he fell off his bed.

The Supreme Court has further required that the "identified deficiency in a city's training program must be closely related to the ultimate injury." *Id.* at 391, 109 S.Ct. at 1205. Plaintiff does not allege that the delay in medical treatment created or even exacerbated his injuries.

Plaintiff fails to state a claim against the District of Columbia upon which relief may be granted.

## V.

The District of Columbia Department of Corrections is not a suable entity. *See Hinton v. Metropolitan Police Dept.*, 726 F.Supp. 875 (D.D.C.1989). Therefore, any action against a D.C. government agency, such as this claim filed against the Department of Corrections, does not lie.

## VI.

Accordingly, an accompanying Order grants defendants' motion to dismiss for failure to state a claim upon which relief may be granted.

## ORDER

For reasons stated in the accompanying Memorandum, it is this 6th day of October, 1995 hereby

ORDERED: that defendants' motion to dismiss for failure to state a claim upon which relief may be granted should be, and is hereby, GRANTED; and it is further

ORDERED: that plaintiff's Complaint should be, and is hereby, DISMISSED WITH PREJUDICE.