**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
)
**ERSALINE EDWARDS,** )
)
**Plaintiff,** )
)
v. ) **Civil Action No. 09-166 (RMC)**
)
**ARCHIE RICH,** *et al.*, )
)
**Defendants.** )
_____)

## MEMORANDUM OPINION

In this diversity action brought *pro se*, plaintiff Ersaline Edwards initially sued a private attorney, Archie Rich, for "denial of due process[,] equal protection of the laws [and] denial of access to the courts." Compl. at 1. By Order of March 31, 2009 [Dkt. # 14], the Court dismissed Ms. Edwards' constitutional claims, construed the complaint as one for legal malpractice and deferred ruling on Mr. Rich's dispositive motion [Dkt. # 8] pending clarification of Mr. Rich's relationship with the law firm that Ms. Edwards had apparently retained. By Order of May 6, 2009 [Dkt. # 18], the Court joined as defendants to this action Larry C. Williams and Larry C. Williams and Associates, for whom Mr. Rich had worked as a law clerk when Ms. Edwards retained the firm. Mr. Williams and Williams and Associates now move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56. Upon consideration of both pending motions, Ms. Edwards' opposing Affidavit [Dkt. # 25] and the entire record, the Court will grant Defendants' motions for summary judgment and enter judgment accordingly.

## I.  BACKGROUND

Ms. Edwards sustained a leg injury in August 2007 while training for a position with the District of Columbia Department of Corrections ("DOC").  She received a hospital bill in excess of $37,000.  Compl. ¶ 4.  On February 12, 2008, Ms. Edwards met with Mr. Rich at Williams and Associates and "signed a contract with Attorney Larry C. Williams."  *Id*. ¶ 5.  Mr. Rich "told [Ms. Edwards] not to discuss her case with anyone, and not to contact or talk with any other lawyer"; Mr. Williams "told [Ms. Edwards] he would handle her case, but he assigned [her] to [Mr. Rich], whom he said was his associate."  *Id*. ¶ 8.  Ms. Edwards and Mr. Rich communicated about her case "for approximately three months," and Mr. Rich responded to Ms. Edwards' request for "all the documents he had filed in her case" by providing her with a copy of her employment application with DOC but not her "lawful notice to sue the government of the District of Columbia [or her] medical records[.]"  *Id*. ¶¶ 9-11.  Ms. Edwards filed this civil action in January 2009.

## II.  LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  In considering whether there is a triable issue of fact, the Court must draw all reasonable inferences in favor of the non-moving party.  *Anderson*, 477 U.S. at 255; *see also Washington Post Co. v. United States Dep't of Health and Human Servs*., 865 F.2d 320, 325 (D.C.

Cir. 1989). The party opposing a motion for summary judgment, however, "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248.

### III. DISCUSSION

"In the District of Columbia, a legal malpractice plaintiff is required to demonstrate duty, breach, causation, and harm. 'As with any tort action, legal malpractice liability is predicated on a finding that the injury was proximately caused by the breach of duty.'" *Thomas v. Powell*, 247 F.3d 260, 264 (D.C. Cir. 2001) (quoting *Dalo v. Kivitz*, 596 A.2d 35, 41 (D.C. 1991)). Under District of Columbia law,

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309. A "notice is fatally defective if one or more of the statutory elements is lacking." *Boone v. District of Columbia*, 294 F. Supp. 1156, 1157 (D.D.C. 1968).

Ms. Edwards apparently fears that Defendants have blocked her access to the courts. However, it is undisputed that "Defendants [gave] the statutorily required notice to the District of Columbia in a timely manner," Defs.' Material Facts Not in Dispute [Dkt. # 20-2] ¶ 2; Pl.'s Aff. [Dkt. # 25] ¶ 1 ("Attorney Archie Rich of [Williams and Associates] did in fact file a notice to the Mayor for intent to sue."), and that Ms. Edwards' "tort claim remains viable until August 17, 2010." Defs.' Facts ¶ 5. Ms. Edwards suggests that the notice was defective because Defendants "failed to address . . . that her injury was not part of her job [and] [t]hat her injury was a result of an unsafe and dangerous rail. . .," Pl.'s Opp'n ¶ 1, but the claim notice attached to Mr. Rich's motion contains all

of the required statutory elements of time, place, cause and circumstances.  Thus, should Ms. Edwards still wish to sue the District of Colubmia, she has until August 17, 2010, to do so.  The established facts support neither a breach of duty by Defendants nor resulting injury to Ms. Edwards.

## IV.  CONCLUSION

For the foregoing reasons, the Court finds no triable issues of fact on the legal malpractice claim and further finds that Defendants are entitled to judgment as a matter of law.  A separate Order accompanies this Memorandum Opinion.

Date:  January 4, 2010

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge